

**STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL**

ERIC T. SCHNEIDERMAN  
Attorney General

STATE COUNSEL DIVISION  
Litigation Bureau

Writer Direct: (518) 776-2620

April 17, 2018

Hon. Mae A. D'Agostino  
U.S. District Court Judge  
U.S. District Court  
Northern District of New York

Re: *Vidurek, et al. v. Cuomo, et al.*, USDC-NDNY No. 1:18-CV-392 (MAD/CFH)

Dear Judge D'Agostino:

Pursuant to ¶ 2(A)(i) of this Court's Individual Rules and Practices, the Defendants in this action, *i.e.*, Governor Andrew M. Cuomo, Senator John J. Flanagan, the Majority Leader of the N.Y. State Senate, and Assemblyman Carl E. Heastie, the Speaker of the N.Y. State Assembly, hereby file this pre-motion letter seeking the Court's permission to file a motion to dismiss in this action.

In this action, *Pro se* Plaintiff John Vidurek has filed a Complaint in which he purports to be a "co-plaintiff" with 33 other individuals, but these 33 other individuals did not sign the Complaint, as is required by FRCP Rule 11(a). *See Rodriguez v. N.Y.C. Police Dep't*, 2011 U.S. Dist. LEXIS 122871, at *18 (S.D.N.Y. Oct. 24, 2011) ("each Plaintiff must sign the Complaint and state his or her address, email address, and telephone number").

Nonetheless, Plaintiff Vidurek and his other "co-plaintiffs" seek to assert a Second Amendment challenge the New York State Secure Ammunition and Firearms Enforcement Act ("SAFE Act"), and numerous other N.Y. Penal laws that relate to firearms and weapons,

including, but not limited to, N.Y. Penal Law § 265.02 (criminal possession of a weapon in the third degree), which bans "incendiary bomb[s]" and "machine-gun[s]", among other types of weapons. *See* Complt., p. 23. Plaintiff Vidurek and his "co-plaintiffs" seek to advance their Second Amendment claim based upon a "sovereign citizen"[1] legal theory.

There is, however, no basis to the plaintiffs' "sovereign citizen" Second Amendment claim, which is the only type of claim that they seek to advance before this Court:[2]

> The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013). The "sovereign citizen" belief system has been described by other courts as "completely without merit," "patently frivolous," *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), and having "no conceivable validity in American law," *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).

*Robinson v. Fischer*, No. 9:13-CV-1545 (GTS/TWD), 2014 U.S. Dist. LEXIS 44644, at *14 (N.D.N.Y. Mar. 31, 2014). *See also Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6-7 (N.D.N.Y. July 23, 2014) ("Theories presented by … sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *Charlotte v. Hansen*, 433 Fed. Appx. 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Linge v. State of Georgia, Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) ("[T]o the extent that [the plaintiff] more broadly argues that he is a sovereign citizen and not subject to . . . Georgia laws,

---

[1] Plaintiffs refer to themselves as "the Sovereign People" and "the Sovereign People of New York", *see, e.g.*, Complt., p. 12, but their claims are clearly rooted in the "sovereign citizen" genre of legal claims, since the plaintiffs advance a belief system such as "[w]e the Sovereign People are independent of all legislated statutes, codes, rules, and regulations." *See, id*., p. 15.

[2] For instance, plaintiffs do not challenge New York's firearm-related statutes on the basis that they allegedly violate the U.S. Supreme Court's holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008) or *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026, 3042 (2010), or the Second Circuit's holding in *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 83 (2d Cir. 2012) (upholding a Second Amendment challenge to N.Y. Penal Law § 400.00(2)(f)). Rather, plaintiffs' claim is strictly based upon a

both we and the district court lack jurisdiction because it is 'wholly insubstantial and frivolous.'") (citations omitted); *Kayin El v. United States*, No. 17-cv-1398-SMY, 2018 U.S. Dist. LEXIS 16670, at *9 (S.D. Ill. Jan. 31, 2018) ("Plaintiff's argument is part of a growing trend, commonly referred to as the 'sovereign citizen' movement. It is premised on faulty reasoning that has consistently been deemed frivolous.").

Based upon the foregoing case law, the Defendants respectfully assert that it is clear that they have a valid motion to dismiss to make in this action, and they therefore respectfully ask the Court for a period of 45-days to make their motion to dismiss.

Thank you for your consideration of this matter.

Respectfully yours,

s/ *Michael McCartin*

Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158
Email: michael.mccartin@ag.ny.gov

cc: Mr. John Vidurek
Plaintiff Pro Se
3979 Albany Post Road
Hyde Park, NY 12538

---

"sovereign citizen" Second Amendment type of argument.