**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN VIDUREK, et al.,

                                Plaintiffs,

   v.                                                    1:18-CV-392
                                                                (MAD/CFH)

GOVERNOR ANDREW M. CUOMO; JOHN J.
FLANAGAN; ASSEMBLYMAN CARL E.
HEASTIE,

                                Defendants.

---

APPEARANCES:

John Vidurek
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

George Gard
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Betty Gard
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Cerus Maarten
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Charles Karlstrom
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Danid D. Joy
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Anthony Futia, Jr.
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Tanya E. Parrow
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Joseph Atkinson
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Mozart D. Victor
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Gary E. Edgreen
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Mary Jane Edgreen
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Alvin Gonzalez
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Gerard Aprea
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Michelle Aprea
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Jon E. Delong
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Senny Numez
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Walter K. Janczack, Jr.
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Kimberly Vidurek
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

William E. Conta
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Leonard Volodarsky
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

John Schultz
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Joseph Frioco
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

William R. Fox, Sr.
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

James Birsen
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Joanne Johnson Smith
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Stacey Cumberbatch
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Don Alan McLaughlin
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Michael R. Wiehl
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Michael Anthony Livecche, Jr.
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

Jose Ferreria Cruz
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

James Burlinski
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## ORDER

Presently pending before the Court are plaintiff pro se John Vidurek's (1) "Ex Parte Right to Proceed Without Cost Writ of Error," and (2) "Ex parte Writ of Error." Dkt. Nos. 12, 14. Plaintiffs pro se commenced this action on April 2, 2018 with the filing of a complaint and paid this Court's statutory $400 filing fee. See Dkt. No. 1-2. On April 23. 2018, plaintiff Mr. Vidurek filed a Motion titled "Ex Parte Right to Proceed Without Cost Writ of Error" and a "Writ of Error" seeking return of the filing fee "extorted from the plaintiffs or Show Cause why the coerced monies should not be returned." Dkt. No. 12. Mr. Vidurek contends that "the officers of the administrative court wrongly believes [sic] that they can charge money for services and not be held liable, thereby slamming the People into jurisdictions foreign to our constitution." Dkt. No. 12 at 2. Plaintiff cites to Article VI of the United States Constitution; a section of the legal encyclopedia/reference book American Jurisprudence, Constitutional Law § 326; and Hale v. Henkel, 201 U.S. 43 (1906).

Upon commencement of an action in a federal district court, the statutory filing fee, currently set at $400, must be paid. See 28 U.S.C. § 1914(a). This filing fee is authorized by Congress. See, e.g., Walker v. Village Court, 3:17-CV-0390 (DNG/DEP), 2017 WL 4220414, at *1 (N.D.N.Y. Aug. 4, 2017) (citing 20 U.S.C. § 1914(a) (case attached). A court is authorized, however, to permit a litigant to proceed in forma pauperis if it determines that he or she is unable to pay the required filing fee. 28 U.S.C. § 1914(a); 28 U.S.C. § 1915(a)(1). In order to obtain in forma pauperis relief, plaintiffs are required to

5

submit an in forma pauperis application which lists each of their financial assets and expenses and attests that each plaintiff does not have the ability to pay the Court's filing fee due to a lack of financial resources. See N.D.N.Y. L.R. 4.1. Generally, if an in forma pauperis application is granted by the Court, applicants are able to proceed with commencing an action without paying the filing fee, but still may be required to pay costs and expenses. Plaintiffs in this case did not file an in forma pauperis application at the commencement of this action.

There is no basis for the Court to reasonably conclude that plaintiffs are entitled to the return of their filing fee. This Court's filing fee is set by statute. See 28 U.S.C. 1915; N.D.N.Y. L.R. 5.2(a). Plaintiffs have not filed in forma pauperis applications. Accordingly, plaintiff Mr. Virdurek's motion for a return of the $400 filing fee (Dkt. No. 12) is DENIED.

In docket number 14, plaintiff Mr. Vidurek files a motion entitled "Ex parte Writ of Error." Dkt. No. 14. In this motion, Mr. Vidurek indicates that plaintiffs filed "an Action at Law, not a Complaint" and "chose not to prosecute in equity, but at Law[.]" Id. at 1. Mr. Vidurek demands that the undersigned "order Clerk to correct the records and send copy of same to plaintiffs or show cause why such corrections should not be recorded." Id. at 2. It appears that Mr. Vidurek is seeking the complaint in this case to be labeled as an "Action at Law" rather than as a complaint.

In order to commence an action in federal district court, a party must file a complaint. The Federal Rules of Civil Procedure specifically indicate that the only permitted pleading is a complaint. FED. R. CIV. P. 7(a). Rule 7(a) provides:

> Pleadings: Only these pleadings are allowed: (1) a complaint;
> (2) an answer to a complaint; (3) an answer to a counterclaim

6

>   designed as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

FED. R. CIV. P. 7(a). Accordingly, insofar as this Court has construed plaintiffs' filing at docket number 1 as a complaint, such a label is proper. Accordingly, Mr. Vidurek's motion (Dkt. No. 14) is DENIED.

It is also noted that plaintiff John Vidurek is the only plaintiff who has signed these letter motions. Dkt. Nos. 12, 14. Although Mr. Vidurek places "et al." following his name, as a pro se plaintiff, Mr. Vidurek cannot file motions or requests on behalf of the other pro se plaintiffs in this action as he cannot "represent" other pro se plaintiffs' interests. Dkt. Nos. 12, 14. As this Court has set forth:

> By statute, parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; see Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009). "Although [section] 1654 thus recognizes that an individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." Berrios, 564 F.3d at 132 (internal quotation marks omitted; emphasis in original). This rule recognizes that "a non-attorney creates unusual burdens" for his adversary, the court, as well as the party he intends to represent. Berrios, 564 F.3d at 133; see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998) (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause); Phillips v. Tobin, 548 F.2d 408, 411 n.3 (2d Cir.1976).

Robinson v. Fishcer, 9:13-CV-1545 (GTS/TWD), 2014 WL 1289611, at *5 (N.D.N.Y. Mar. 31, 2014) (citation omitted) (case attached). Accordingly, insofar as plaintiff John Vidurek attempt to file this motion on behalf of any plaintiffs other than himself, because the other plaintiffs have not signed this motion, Mr. Vidurek cannot file this motion on their behalf;

7

thus, such request is DENIED.

**WHEREFORE**, for the reasons stated herein it is hereby

**ORDERED**, that plaintiff Mr. Vidurek's "Exparte Right to Proceed Without Cost Writ of Error" (Dkt. No. 12) is DENIED; and it is further

**ORDERED**, that plaintiff Mr. Vidurek's "Exparte Writ of Error" (Dkt. No. 14) seeking to "correct" his filing at Dkt. No. 1 to reflect the label of "Action at Law" rather than Complaint is DENIED; and it is further

**ORDERED**, that insofar as plaintiff seeks to file the motions at dkt. nos. 12 and 14 on behalf of the other pro se plaintiffs in this action, such request is DENIED, for the reasons stated herein; and it is further

**ORDERED**, that a copy of this Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2018
 Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge