◆ Positive
As of: May 1, 2018 2:48 PM Z

## *Rodriguez v. New York City Police Dep't*

United States District Court for the Southern District of New York

October 24, 2011, Decided; October 24, 2011, Filed

10 Civ. 891 (BSJ) (THK)

**Reporter**
2011 U.S. Dist. LEXIS 122871 *; 2011 WL 5057205

CARLOS RODRIGUEZ, Plaintiff, -against- NEW YORK
CITY POLICE DEPARTMENT, NEW YORK CITY
POLICE COMMISSIONER, et al., Defendants.

**Prior History:** *Rodriguez v. New York City Police Dep't,*
*2010 U.S. Dist. LEXIS 139101 (S.D.N.Y., Dec. 30,*
*2010)*

## Core Terms

arrest, malicious prosecution claim, amended complaint,
false arrest, marijuana, amend, malicious prosecution,
criminal possession, police officer, apartment, contends,
probable cause, convicted, charges, weapon, lack of
probable cause, prosecuted, initiated, parole officer,
falsely, futile, malice, undercover officer, motion to
amend, district court, post-arraignment, incidents,
asserts, parole, rights

**Counsel:** [*1] Carlos Rodriguez, Plaintiff, Pro se,
Elmira, NY.

For New York City Police Department, New York City
Police Commissioner, Defendants: Brian Jeremy Farrar,
LEAD ATTORNEY, NYC Law Department, New York,
NY; Caroline Ling-Yu Chen, New York City Law
Department, New York, NY.

For Erik Rodriguez, Cecilio Cintron, Patrick Bubb,
Defendants: Brian Jeremy Farrar, NYC Law
Department, New York, NY.

For New York City District Attorney, Defendant: Eva
Marie Dowdell, New York County District Attorney's
Office, New York, NY.

**Judges:** THEODORE H. KATZ, UNITED STATES
MAGISTRATE JUDGE.

**Opinion by:** THEODORE H. KATZ

## Opinion

### MEMORANDUM OPINION AND ORDER

**THEODORE H. KATZ, UNITED STATES**
**MAGISTRATE JUDGE.**

Plaintiff Carlos Rodriguez brought this action, pursuant
to *42 U.S.C. § 1983,* based on the circumstances
surrounding four separate arrest incidents. He named
as Defendants the New York City Police Department
("NYPD"), NYPD Commissioner Raymond Kelly, Police
Officer Erik Rodriguez, Police Officer Cecilio Cintron,
Police Officer John/Jane Doe, Police Officer Patrick
Bubb, Police Officer Vincent Capitini, (collectively, the
"NYPD Defendants"), and the New York County District
Attorney, Assistant District Attorney Albert Berry III,
Assistant District [*2] Attorney Rachel Bromberg, and
Assistant District Attorney Eve Teipel (collectively, the
"DA Defendants"). The action was referred to this Court
for general pretrial supervision, pursuant to *28 U.S.C. §*
*636(b)(1)(A).*

The NYPD and DA Defendants each moved to dismiss
the Complaint, and on December 30, 2010, the District
Court dismissed all of Plaintiff's claims, with the
exception of the federal and state law claims for false
arrest and an unlawful search that Plaintiff asserted
against Defendants Rodriguez, Cintron, and Bubb. (See
Memorandum & Order, dated Dec. 30, 2011 ("Dec. 30
Order"), at 15.) Plaintiff later sought leave to file an
amended complaint, and he was instructed to file a
Proposed Amended Complaint. (See Order, dated Mar.
26, 2011 ("Mar. 26 Order"), at 2.)

Plaintiff subsequently moved to amend and filed a
Proposed Amended Complaint (see Plaintiff's Proposed
Amended Complaint, dated Apr. 24, 2011 ("Prop. Am.
Compl.")), in which Plaintiff: (1) adds his arrest of June
18, 2009 as a basis for various claims; (2) seeks to add
as defendants in relation to his June 18, 2009 arrest,
Parole Officer Beverly Johnson, Police Officer Oscar

Diaz, Police Officer Ohmeed Davodian, Police [*3] Officer Sergeant Paul Trapani, and Police Officer Lieutenant Frankie Rivera; (3) seeks to add as plaintiffs with respect to the June 18, 2009 arrest and search, Lisbeth Franco, Doris Velez, and Michelle Seda; (4) drops claims that are based on his arrest of October 3, 2006; (5) drops all references to state law claims and refers exclusively to his rights under the United States Constitution; and (6) omits as defendants the New York City Police Department; New York City Police Commissioner Raymond Kelly; Officer Vincent Capitini; and the New York County District Attorney's Office.

Defendants who are presently in this action - Officers Bubb, Cintron, and Rodriguez - oppose Plaintiff's motion to amend. (See Defendants' Opposition to Plaintiff's Motion to Amend the Complaint, dated May 12, 2011 ("Defs.' Opp.").)

For reasons discussed below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff claims that he was falsely arrested and imprisoned, maliciously prosecuted, and that he suffered unreasonable searches during the course of four arrest incidents.

On April 25, 2007, Plaintiff intervened in an altercation between Hedney Bailon and Angela Cabrera, and Defendant [*4] Officer Bubb arrested Plaintiff on a charge of Assault in the 3rd Degree. (See Prop. Am. Compl. ¶¶ 12-13.) Plaintiff contends that there was no basis for his arrest and that the DA Defendants continued to prosecute him for a period of two years. (See id. ¶ 15.) The case was ultimately dismissed on speedy trial grounds. (See id. ¶ 16.)

On February 13, 2008, Plaintiff was arrested by several of the police officer Defendants and charged with criminal sale of marijuana to an undercover officer; at the time of the arrest, the officers recovered $338.00 from Plaintiff. (See id. ¶¶ 20-21.) Defendant Cintron filed a criminal complaint, which, according to Plaintiff, falsely accused Plaintiff of criminal sale of marijuana to an informant, though in fact Defendant Officer Cintron was merely relaying the facts as reported by the undercover officer. (See id. ¶ 21; Ex. C.) Defendant Officer Cintron reported the arrest to Plaintiff's parole officer, Defendant Johnson, who filed a parole violation warrant. (See id. ¶¶ 26-27.) Defendant ADA Berry prosecuted the offense and, according to Plaintiff, falsely told the Court he was

ready for trial. (See id. ¶ 25.) Plaintiff was incarcerated from February [*5] 13, 2008 to June 9, 2008, and the charges were dismissed on November 13, 2008, according to Plaintiff, for lack of probable cause. (See id, ¶¶ 29-30.)

On October 22, 2008, Plaintiff was arrested for criminal trespass by Defendant Officer Rodriguez. (See id. ¶ 36.) Plaintiff claims that he just happened to be on the street as another suspect was eluding police pursuit. (See id. ¶¶ 32-33.) Plaintiff contends that he was illegally searched and arrested, without probable cause. (See id. ¶ 35.) The criminal trespass charge was dismissed on December 7, 2009, according to Plaintiff, for lack of probable cause. (See id. ¶¶ 35, 38.) Plaintiff contends that he was maliciously prosecuted by ADA Bromberg.

Finally, on June 18, 2009, Plaintiff was at home with proposed plaintiffs Franco, Velez, and Seda, when Defendant Parole Officer Johnson and Parole Officer Pitchardo came to inspect the premises. (See id. ¶¶ 39-40.) According to Plaintiff Rodriguez, as Parole Officer Johnson was inspecting his room, Franco left the apartment.(See id. ¶ 42.) Shortly thereafter, according to Plaintiff, Defendant Officers Davodian, Trapani, and Rivera entered the apartment with additional detectives, telling Velez [*6] and Seda not to move or make any phone calls. (See id. ¶¶ 44, 47.) After brief questioning, Plaintiff Rodriguez produced a bottle of steroids and multiple syringes; the Defendant Officers then searched the house further, and also discovered a large quantity of marijuana, cash, drug paraphernalia, a .45 automatic hand gun, and two large knives. (See id. ¶¶ 49-51, 60-61.) Plaintiff Rodriguez and Franco were arrested during the incident (see id. ¶¶ 51, 53), and Velez and Seda were "told to find somewhere else to sleep." (See id. ¶ 55.) Defendant Officer Diaz escorted Rodriguez and Franco to the 34th Precinct, where they were charged with criminal possession of a weapon and criminal possession of marijuana. (See id. ¶ 56.) Plaintiff contends that Officers Diaz and Davodian conspired with Parole Officer Johnson to conceal Officers Davodian, Trapani, and Rivera's illegal search of Plaintiff's apartment. (See id. ¶ 58.) In January 2010, the charges were dismissed against Franco for lack of probable cause. (See id. ¶ 61.) Plaintiff Rodriguez, however, pled guilty to a charge of Criminal Possession of a Weapon in the 3rd Degree. (See Defs.' Opp., Ex. C)

## DISCUSSION

## I. Applicable Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure [*7] provides that motions to amend are to be freely granted "when justice so requires," see Fed. R. Civ. P. 15(a)(2), but it is within the district court's sound discretion to grant or deny leave to amend. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Amendments of the pleadings may be denied where there has been undue delay or bad faith, where the non-moving party would suffer undue prejudice, or where the pleading would be futile. See Foman, 371 U.S. at 182; Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) ("Generally, a district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (internal quotation marks and alterations omitted); Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

The futility analysis follows the same standard as for Rule 12(b)(6) [*8] motions to dismiss, see Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002), meaning that a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court "accepts as true all of the allegations contained in a complaint," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see also Dougherty, 282 F.3d at 87, but, as noted, Plaintiff's factual allegations must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555.

Defendants do not claim that they would be prejudiced by the proposed amendments or that there has been undue delay in asserting the proposed amendments. Instead, they claim that allowing the amendments would be futile. (See Defs.' Opp. at 2-3.)

## II. The June 18, 2009 Arrest and the Additional Parties

In the Proposed Amended Complaint, Plaintiff seeks to assert claims based on a June 18, 2009 arrest, which was not discussed at all in the original Complaint. Based

on this incident, he asserts a claim of false arrest with respect to himself and, it appears, proposed plaintiff Franco. He also asserts an unlawful [*9] search on his own behalf and, apparently, on behalf of all of the proposed plaintiffs. He also seeks to add five additional defendants in relation to this incident.

Defendants argue that because Plaintiff was arrested and convicted of Criminal Possession of a Weapon in the 3rd Degree after his arrest on June 18, 2009, he is barred from asserting claims of false arrest,[1] malicious prosecution, or an unlawful search. (See Defs.' Opp. at 3.) Defendants further argue that if Plaintiff is barred from asserting claims based on the June 18, 2009 arrest, there is no basis to join the additional plaintiffs and defendants. (See id. at 4.)

### A. Plaintiff Rodriguez's Claims Stemming from the June 18, 2009 Arrest

#### 1. False Arrest

To establish a claim of false arrest, Plaintiff must show that NYPD Defendants [*10] "intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). However, "the existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) (quoting Weyant, 101 F.3d at 845) (internal citations omitted). The NYPD Defendants can show that probable cause to arrest existed if they had "knowledge or reasonably trustworthy information of facts and circumstances" that would lead a reasonable person to believe that Plaintiff had committed or was in the process of committing a crime. See id. at 84-85 (quoting Weyant, 101 F.3d at 852).

By Plaintiff's own admission, the NYPD Defendants recovered from Plaintiff's apartment, among other things, steroids, multiple syringes and drug

---

[1] Plaintiff also claims that he was falsely imprisoned in violation of his constitutional rights (see Prop. Am. Compl. ¶63), but this claim is subsumed under the false arrest claim because, under New York law, "[a] false imprisonment claim ... is identical to a false arrest claim." Kilburn v. Village of Saranac, 413 Fed. App'x 362, 363 (2d Cir. 2011) (citing Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991)).

paraphernalia, a .45 automatic hand gun, which was loaded, and a "large quantity" of marijuana. (See Prop. Am. Compl. ¶ 51; see also Ex. L.) At the time, Plaintiff was on parole and subject to parole supervision. On the facts of the Amended Complaint, therefore, the NYPD Defendants [*11] possessed knowledge that would lead a reasonable person to conclude that Plaintiff had committed a crime. See, e.g., N.Y. Penal Law § 265.02(1) (McKinney 2008); N.Y. Penal Law § 221.25 (McKinney 2008).[2] It follows that Defendants had probable cause to arrest Plaintiff.

Moreover, and as pointed out by Defendants, under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), [*12] Plaintiff may not maintain a § 1983 claim for false arrest if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487; see also, Skinner v. Switzer,      U.S.     , 131 S. Ct. 1289, 1298, 179 L. Ed. 2d 233 (2011). Here, Plaintiff was convicted of Criminal Possession of a Weapon in the 3rd Degree. (See Defs.' Opp., Ex. C.) Were Plaintiff to obtain a judgment against Defendants for false arrest based on the June 18, 2009 arrest, it would undeniably cast doubt on the validity of his conviction.

For these reasons, it would be futile for Plaintiff to proceed with a false arrest claim based on the June 18, 2009 arrest.

## 2. Malicious Prosecution

The elements of a malicious prosecution claim brought under § 1983 are generally based on state law. See Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994). For

malicious prosecution claims in New York, courts place a "heavy burden" on plaintiffs in order to allow for "benign misjudgments." Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195, 734 N.E.2d 750, 712 N.Y.S.2d 438, 440 (2000). The state law elements of a malicious prosecution are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant [*13] lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." Rohman v. City of New York Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000). In addition, federal law requires that in § 1983 claims for malicious prosecution, a plaintiff must show that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Id.

As with the false arrest claim, a finding of probable cause gives the NYPD Defendants a complete defense to a malicious prosecution claim. See Hargroves v. City of New York, 411 Fed. App'x 378, 386 (2d Cir. 2011) (citing Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)). Unlike the false arrest analysis, however, Defendants here must have had probable cause for each charge for which Plaintiff was prosecuted. In New York, when "an accused [is] arrested on multiple charges but convicted on only one [he] may proceed with a claim for malicious prosecution on the charge on which he was not convicted." Fulton v. Robinson, 289 F.3d 188, 197 (2d Cir. 2002) (citing Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989)). [*14] Furthermore, the Supreme Court's Heck decision does not necessarily bar Plaintiff from maintaining a malicious prosecution claim that is based on charges for which he was not convicted.

In the instant case, however, this is a distinction without a difference. While Plaintiff was never convicted of the marijuana charge (see Defs.' Opp., Ex. C), the NYPD Defendants clearly had probable cause to proceed against Plaintiff on both the weapon and marijuana charges, as they recovered a large quantity of marijuana and a handgun from his apartment. Although Plaintiff contends that Defendants conspired to falsely state that Defendant Johnson, and not the NYPD Defendants, conducted the search which led to the recovery of this contraband, that is irrelevant to whether there was probable cause to prosecute Plaintiff. Based on what was found in Plaintiff's apartment, there can be no plausible claim that Defendants acted with malice in prosecuting Plaintiff for possession of marijuana.

Thus, it would be futile for Plaintiff to assert a malicious

---

[2] N.Y. Penal Law § 265.02(1) states that, "[a] person is guilty of criminal possession of a weapon in the third degree when: (1) Such person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three, or five of section 265.01, and has been previously convicted of a crime. ..." Of particular relevance here is section one of N.Y. Penal Law § 265.01, which defines criminal possession of a weapon in the fourth degree as occurring when a person "possesses any firearm."

N.Y. Penal Law § 221.25 provides that, "[a] person is guilty of criminal possession of marijuana in the second degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing marijuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than sixteen ounces.

prosecution claim that is based on his June 18, 2009 arrest.

### 3. Illegal Search

Plaintiff contends that Parole Officer Johnson and/or the NYPD Defendants illegally [*15] searched his apartment without a warrant on June 18, 2009. The only argument advanced by Defendants in opposing this claim is that because Plaintiff was convicted of criminal possession of a weapon, the claim is barred under Heck v. Humphrey. (See Defs.' Opp. at 3.) This argument is misplaced.

The Supreme Court has rejected the argument that a guilty plea or conviction has any bearing on the legality of the underlying search. See Heck, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."); Haring v. Prosise, 462 U.S. 306, 318, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983); see also Zarro v. Spitzer, 274 Fed. Appx. 31, 2008 WL 1790431, at *2 (2d Cir. 2008); United States v. Gregg, 463 F.3d 160, 165 (2006) (holding that when a defendant is convicted on the basis of a guilty plea, the validity of the conviction is unaffected by subsequent Fourth Amendment claims (citing Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973))).

Accordingly, Plaintiff may amend the Complaint to assert an unlawful search [*16] claim, arising out of the 2009 incident, against Defendants Johnson, Diaz, Trapani, Davodian, and Rivera.[3]

### B. The Addition of Plaintiffs Franco, Velez, and Seda

Motions to amend a complaint to add new plaintiffs must comply with Rule 20 of the Federal Rules of Civil Procedure, which provides that "[p]ersons may join . . . if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact

common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); see also Abraham v. Volkswagen, 795 F.2d 238, 251 (2d Cir. 1986); Kehr v. Yamaha Motor Corp., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

It is difficult to discern from the Amended Complaint what claims are being asserted by each of the proposed new Plaintiffs. Construing the Amended Complaint liberally, [*17] however, the only plausible claim that is shared with Plaintiff Rodriguez is Plaintiffs Velez and Seda's potential Fourth Amendment claims arising from the apartment search on June 18, 2009. Velez and Seda, but not Franco, list 101 Post Avenue, Apartment 4A as their residence. (See Prop. Am. Compl. at 17.) Velez and Seda's illegal search claims, therefore, would qualify for joinder under Rule 20 because these claims are clearly "logically related" to Plaintiff Rodriguez's Fourth Amendment claim, and it is likely that common issues of law or fact will arise.[4]

Defendants correctly note that the proposed Plaintiffs did not sign the Amended Complaint and have not secured in forma pauperis status from the Court. Plaintiff Rodriguez points out, however, that they did sign a sworn verification of the Amended Complaint and, given the opportunity, they will sign the Amended Complaint that is filed and will file applications to proceed in forma pauperis.

Plaintiffs Rodriguez, Velez, and Seda are hereby directed to amend the [*18] Complaint in accordance with the requirements of Rule 11(a), namely, each Plaintiff must sign the Complaint and state his or her address, email address, and telephone number. See Fed. R. Civ. P. 11(a). In addition, if they intend to proceed without paying Court filing fees and other costs, they must submit applications to the Court's Pro Se Office seeking leave to proceed in forma pauperis.

### III. Malicious Prosecution

The December 30, 2011 Order stated that Plaintiff's federal and state law tort claims of false arrest and property deprivation, which arose from incidents that occurred on April 25, 2007, February 13, 2008, and October 22, 2008, remain as to Defendant Officers Rodriguez, Cintron, and Bubb. The District Court dismissed Plaintiff's malicious prosecution claims

---

[3] Although Plaintiff may proceed on this claim, he faces significant hurdles to overcome, as he was on parole and, as a parolee, his legitimate expectations of privacy in his apartment are substantially reduced. See Samson v. California, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006).

[4] Because Rodriguez does not have a plausible false arrest or malicious prosecution claim, there are no other common issues of fact or law with the other proposed Plaintiffs.

against the NYPD Defendants on the grounds that Plaintiff did not meet the Twombly and Iqbal standards for the minimum threshold of plausibility in his pleading. (See Dec. 30 Order at 9.) Here, Plaintiff has omitted his state law claims, referring only to his rights under the United States Constitution, but he seeks to reassert his claims of malicious prosecution, which were dismissed by the December 30 Order.

Defendants **[*19]** mistakenly argue that, as a result of the December 30 Order, Plaintiff is barred by res judicata from re-asserting his claims of malicious prosecution. (See Defs.' Opp. at 2.) Defendants ignore that fact that after the Court issued its December 30 Order, Plaintiff was granted leave to amend his Complaint with additional facts and parties. In an Order dated March 26, 2011, the District Court specifically advised Plaintiff to file a Proposed Amended Complaint, with the warning that, "[i]f Plaintiff fails to file a Proposed Amended Complaint by May 9, 2011 then this matter will proceed with only the remaining claims listed in the December 30, 2010 order." (Mar. 26 Order at 2.) The December 30 Order, in other words, did not preclude the possible amendment of the failed malicious prosecution claims. The Court will therefore address the viability of the amended malicious prosecution claims.

To reiterate, the state law elements of malicious prosecution are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated **[*20]** in the plaintiff's favor." Rohman, 215 F.3d at 215. In addition, in § 1983 claims for malicious prosecution, Plaintiff must show that there was a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Id.; see also Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010); Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010).

For the reasons stated below, the Court finds that Plaintiff has stated a plausible claim for the incidents arising on February 13, 2008 and on October 22, 2008. However, Plaintiff has not stated a plausible claim arising from the April 25, 2007 incident, and he may not, therefore, proceed on that claim.

## A. April 25, 2007 Incident

With respect to the April 25, 2007 incident, Plaintiff

merely contends that ADAs Bromberg and Teipel commenced and continued prosecuting Plaintiff without probable cause and "falsely informed the court that the People . . . were ready for trial . . ." (Proposed Am. Compl. ¶ 15.) The latter statement, even if false, has no bearing on whether Plaintiff was maliciously prosecuted. The only change in Plaintiff's Proposed Amended Complaint, from the original Complaint, is that **[*21]** he asserts that the prosecution was without probable cause and the case was dismissed in Plaintiff's favor. (See id.) Plaintiff is, therefore, merely reciting the elements of a claim of malicious prosecution without making the claim factually more plausible than it was in the original Complaint.[5]

## B. February 13, 2008 Incident

With respect to the February 13, 2008 arrest for criminal sale of marijuana, the Court is satisfied that Plaintiff has alleged a claim **[*22]** that is plausible on its face. Plaintiff contends that he was approached by an unknown undercover officer and asked where he could find "Al." (See id. ¶ 18.) After Plaintiff directed the unknown officer to the building complex in which Al resided, Plaintiff claims that he walked the other way and, without further incident, was apprehended by several officers. (See id. ¶ 20.)

Plaintiff argues that a prosecution was initiated against him by Defendant ADA Berry. (See id. ¶ 25.) According to the criminal complaint filed against Plaintiff, it was alleged that he was observed receiving two clear plastic ziplock bags of marijuana, which he then handed to the undercover officer. (See id., Ex. C.) Plaintiff claims, however, that Defendants lacked probable cause to believe the prosecution for the underlying charge would succeed, and that, in fact, Defendants created false charges in order to secure Plaintiff's imprisonment for

---

[5] It does not appear that Plaintiff is asserting a malicious prosecution claim against Detective Bubb. If he is, the Amended Complaint fails to add any additional facts that suggest that Bubb acted maliciously and without probable cause to arrest Plaintiff. The misdemeanor complaint filed by Bubb, charging Plaintiff with assault in the third degree, states that he was advised by the victim that Plaintiff struck him repeatedly, and that the victim suffered a ruptured ear drum, a bruised and swollen eye, a broken orbital bone and substantial pain. Although Plaintiff contends that he was acting in self defense, in light of the complainant's injuries, there can be no plausible claim that Bubb acted maliciously in arresting Plaintiff.

parole violations. (See id. ¶ 26.) Plaintiff further contends that the prosecution was terminated in his favor for a lack of probable cause on November 13, 2008 (see id. ¶ 29), which, in addition to Plaintiff's other claims, would allow for an inference of malice. See Manganiello, 612 F.3d at 163 [*23] (noting that courts may infer malice where there was no probable cause). Finally, Plaintiff's liberty was restrained post-arraignment in that he was detained from February 13, 2008 until June 9, 2008. (See Proposed Am. Compl. ¶ 30.)

The Court, therefore, concludes that Plaintiff has stated a claim for malicious prosecution arising from the February 13, 2008 incident, with one caveat. Though Plaintiff claims that Defendant Cintron falsely accused Plaintiff regarding this incident, in fact, Defendant Cintron was not present during the events in issue and merely reported the accusations as they were reported to him by Undercover Officer #14233. (See id., Ex. C.) The Court, therefore, finds that Plaintiff has not asserted a plausible claim of malicious prosecution against Defendant Cintron.

## C. October 22, 2008 Incident

The Court is similarly satisfied that Plaintiff has stated a malicious prosecution claim arising from the October 22, 2008 incident. Plaintiff states that a prosecution was initiated against him for criminal trespass by Defendant Rodriguez and Defendant Bromberg. (See id. ¶¶ 36-37.) Plaintiff argues that Defendants did not have probable cause to believe the prosecution would [*24] succeed in that Plaintiff was an invited guest and, further, that he lived within the building complex. (See id. ¶ 34.) Further, the charges were ultimately terminated in Plaintiff's favor on December 7, 2009 (see id. ¶ 38), and because the charge was dismissed for a lack of probable cause, a fact-finder could infer malice. See Manganiello, 612 F.3d at 163. Finally, while Plaintiff was released on his own recognizance after his arraignment on October 23, 2008 (see Prop. Am. Compl., Ex. J), at this stage, the Court is satisfied that Plaintiff alleges a sufficient post-arraignment liberty restraint because he was required to return to court multiple times to answer for this charge. See Rohman, 215 F.3d at 215-16 (finding that Plaintiff sufficiently pled a post-arraignment restraint in that he was required to return to court five times to answer the charge). Plaintiff may, therefore, amend the Complaint to assert a malicious prosecution claim arising from the October 22, 2008 incident.

## IV. DA Defendants Bromberg, Teipel, and Berry

The District Court dismissed all claims against DA Defendants Bromberg, Teipel, and Berry in the December 30 Order. (See Dec. 30 Order at 12-14.) Plaintiff has [*25] reasserted his claims against the DA Defendants in his Proposed Amended Complaint, (see Prop. Am. Compl. ¶ 6.), but Plaintiff provides no additional arguments or facts that would undermine the December 30 Order and subsequent dismissal of the DA Defendants from this action.

In the December 30 Order, the malicious prosecution claims against the DA Defendants were dismissed because Plaintiff failed to plead any facts tending to suggest that the DA Defendants wrongfully prosecuted the charges against Plaintiff. (See Dec. 30 Order at 12.) The Proposed Amended Complaint does not remedy that defect.

In addition, the DA Defendants are entitled to absolute prosecutorial immunity with respect to the malicious prosecution claims. "It is . . . well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution ... is immune from a civil suit for damages under § 1983.'" Imbler v. Pachtman, 424 U.S. 409, 410, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). "[B]ecause the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution [*26] unless [he] proceeds in the clear absence of all jurisdiction." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987))(internal quotations and citations omitted).

Here, the DA Defendants are not accused of acting outside the bounds of the "quintessential prosecutorial functions" of initiating and pursuing a criminal prosecution. (See Prop. Am. Compl. ¶¶ 15, 25, 29, 37.) Because the DA Defendants enjoy absolute immunity from Plaintiff's malicious prosecution claims, it would be futile to allow him to proceed against them. Accordingly, Plaintiff may not amend the Complaint to pursue claims against the DA Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the Complaint is granted to the extent that he seeks to 1) assert an illegal search claim based on the June 18, 2009 incident against Defendants Johnson,

Michael McCartin

2011 U.S. Dist. LEXIS 122871, *26

Diaz, Davodian, Trapani, and Rivera; 2) add Plaintiffs Velez and Seda with respect to the search claim; and 3) assert malicious prosecution claims against the NYPD Defendants based on the arrests of April 13, 2008 and October 22, 2008. Plaintiff's federal claims of false arrest and property [*27] deprivation from the April 25, 2007, February 13, 2008, and October 22, 2008 incidents still remain as against Defendants Bubb and Rodriguez.

* * *

The remaining Plaintiffs shall promptly file the Amended Complaint with all required signatures and information, and must effect service of the Amended Complaint on any newly added Defendants by December 24, 2011.

Defendants' counsel shall advise the Court and Plaintiffs of whether they will accept service on behalf of the Jane Doe Defendant, Shield #14233.

SO ORDERED.

/s/ Theodore H. Katz

THEODORE H. KATZ

UNITED STATES MAGISTRATE JUDGE

Dated: October 24, 2011

New York, New York

---

End of Document

🅐 Neutral
As of: May 1, 2018 2:50 PM Z

# *Kayin El v. United States*

United States District Court for the Southern District of Illinois

January 31, 2018, Decided; February 1, 2018, Filed

Case No. 17-cv-1398-SMY

**Reporter**

2018 U.S. Dist. LEXIS 16670 *; 2018 WL 659194

JELANI AGYYEI KAMAU KAYIN EL, #10954-025, also known as GILARDI C. BURNS, Plaintiff, vs. USA, MICHAEL J. REAGAN, JIMMY WHITE, MONROE COUNTY SHERIFF DEPARTMENT, ST. CLAIR COUNTY SHERIFF DEPARTMENT, CLINTON COUNTY IL, WILLIAM D. STIEHL, JR. PHILIP KAVANAUGH, DAVID BRENGLE, ETHAN SKAGGS, GEORGE HOWARD, BARBARA, TASHA ANN DENISE JOHNSON, FAIRVIEW HEIGHTS POLICE DEPARTMENT, PROSECUTORS OFFICE, PROBATION, FEDERAL DEFENDER OFFICE, FCI ASHLAND, UNKNOWN PARTY Prosecutors on Case, and DON BERRY, Defendants.

**Prior History:** *Burns v. United States, 2017 U.S. Dist. LEXIS 15641 (S.D. Ill., Feb. 3, 2017)*

## Core Terms

frivolous, criminal case, sentence, arrest, sovereign, allegations, immunity, police department, damages, dismissal with prejudice, constitutional right, indictment, absolute immunity, imprisonment, Probation, deprived, invalid, shotgun, entity, criminal conviction, supervised release, federal official, custody, firearm, rights

**Counsel:** [*1] Jelani Agyei Kamau Kayin El, also known as Gilardi C Burns, Plaintiff, Pro se, Waterloo, IL.

**Judges:** STACI M. YANDLE, United States District Judge.

**Opinion by:** STACI M. YANDLE

## Opinion

### MEMORANDUM AND ORDER

YANDLE, District Judge:

### INTRODUCTION

Plaintiff Jelani Agyei Kamau Kayin El (a/k/a Gilardi C. Burns) is an inmate at Monroe County Jail ("Jail") located in Waterloo, Illinois. He filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)* and *42 U.S.C. § 1983*, alleging that his civil rights were violated by federal and state officials in connection with his underlying criminal conviction for being a felon in possession of a firearm. Plaintiff brings this action against Chief Judge Michael J. Reagan (the presiding judge in his underlying criminal case), a court reporter, a police department, two sheriff's departments, defense attorneys, prosecutors, probation officials, United States Marshals, his former girlfriend, and various federal agencies.

In connection with his claims, Plaintiff seeks compensatory and punitive damages. He also requests that this Court release him from custody, pay for psychiatric counseling, expunge and/or seal his record, put him on the "do not detain list" and enter an order recognizing his Moorish American nationality, that he is not a [*2] *Fourteenth Amendment* citizen and that he is an Indigenous Allodial American National.

This case is now before the Court for a preliminary review of the Complaint pursuant to *28 U.S.C. § 1915A*, which provides:

> (a) **Screening** — The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal** — On review, the court shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).* Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton, 209 F.3d 1025, 1026-27 (7th Cir. 2000).* An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).* The claim of entitlement to relief must cross "the line between possibility [*3] and plausibility." *Id. at 557.* At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).* Plaintiff's Complaint does not survive preliminary review under this standard.

## BACKGROUND

### Underlying Criminal Case

On October 23, 2013, Plaintiff was indicted for violating *18 U.S.C. §922(g)(1)*, often referred to as a felon in possession charge, for possessing two shotguns while having previously been convicted of an offense punishable by a term of imprisonment exceeding one year. *See United States v. Burns*, No. 13-30233-MJR ("Criminal Case"), Doc. 1. Chief Judge Michael J. Reagan was the presiding judge in Plaintiff's Criminal Case.

The indictment arose from a domestic dispute at Plaintiff's residence. More specifically, on June 17, 2013, officers with the Fairview Heights Police Department responded to a 911 call at Plaintiff's residence where they spoke to a woman who identified herself as Plaintiff's girlfriend. *See Burns v. United States*, No. 15-cv-608 ("Habeas Case"), Doc. 28. The woman indicated that Plaintiff had threatened her with a shotgun. *Id.* When officers spoke to Plaintiff, he told them that he did not have any weapons inside the home, and signed a form consenting to a [*4] search of his home.

The consent search turned up a Benelli 12 gauge shotgun and a Remington 870 Express shotgun. *Id.* Plaintiff was transported to the police station. *Id.* While at the police station, after waiving his *Miranda* rights, Plaintiff gave a recorded statement in which he told a detective that he applied for a Firearm Owner's Identification card but was denied because he had a prior felony conviction. *Id.* During the interview, Plaintiff admitted that the shotguns were his, that he hid the shotguns in the basement while he was on the phone with 911 operators, and that he voluntarily signed the consent form to allow the police officers to search his home. *Id.*

On November 12, 2013, Plaintiff was released on pretrial bond. (Criminal Case, Doc. 12). On more than one occasion while he was on bond, Plaintiff tested positive for cocaine or crack cocaine. (Habeas Case, Doc. 28; Criminal Case, Doc. 54, Ex. 1-4). As a result, he was entered into a 30-day residential substance abuse treatment program. (Habeas Case, Doc. 28).

At the conclusion of his treatment, Plaintiff recanted prior admissions regarding his cocaine use and made additional allegations pertaining to selling cocaine in order [*5] to raise funds for his legal defense. (Criminal Case, Doc. 24). Thereafter, the United States filed a motion to revoke Plaintiff's bond. *Id.* A warrant for Plaintiff's arrest was issued on July 1, 2014 and, after a hearing on August 19, 2014, Plaintiff's bond was revoked. (Criminal Case, Docs. 42 and 43).

On October 31, 2014, Plaintiff pleaded guilty pursuant to a written stipulation of facts and agreement to plead guilty. (Criminal Case, Docs. 47, 48 and 49). Plaintiff was sentenced to eighteen months of imprisonment with two years of supervised release to follow on March 5, 2015 (Criminal Case, Doc. 70).

### Habeas Petition

Plaintiff did not file a direct appeal. (Habeas Case, Doc. 28). Instead, on June 2, 2015, Plaintiff filed a Petition to vacate, set aside or correct his sentence pursuant to *28 U.S.C. § 2255.* (Habeas Case, Doc. 1). In his Petition, Plaintiff argued that (1) he received ineffective assistance of counsel; (2) he was deprived of due process because his predicate offense was not a felony; (3) the mental health treatment condition of his supervision was unlawful; and (4) he did not receive

credit from the Bureau of Prisons for 30 days of inpatient drug treatment he was ordered to obtain while [*6] on pretrial release. (Habeas Case, Docs. 1 and 28).

Plaintiff's Habeas Petition was ultimately denied on February 3, 2017. (Habeas Case, Doc. 28).

**Supervised Release**

On October 23, 2015, while the Habeas Petition was pending, Plaintiff was released from custody and commenced his two-year term of supervised release. (Criminal Case, Doc. 79). In December 2015, the United States filed a Petition for Revocation of Supervised Release. (Criminal Case, Doc. 79). On January 26, 2017, Plaintiff's supervised release was revoked and Plaintiff was sentenced to 9 months' imprisonment. (Criminal Case, Doc. 127).[1]

In accordance with this sentence and a notice from the United States Marshals Service, Plaintiff was required to self-surrender by March 7, 2017. (Criminal Case, Doc. 129). He did not comply and an arrest warrant was issued. (Criminal Case, Docs. 129 and 130). Thereafter, Plaintiff was remanded to the custody of the United States Marshal for transfer to the Bureau of Prisons to complete his sentence. (Criminal Case, Doc. 140).

**Pending Criminal Case — Failure to Surrender**

On June 21, 2017, Plaintiff was indicted for failing to surrender. *United States v. Burns*, No. 17-cr-30110-MJR, Doc. 1. A jury [*7] trial in connection with the indictment is presently set for March 2018. *United States v. Burns*, No. 17-cr-30110, Doc. 27.

**THE COMPLAINT**

The Complaint consists of a list of constitutional deprivations that allegedly occurred in connection with Plaintiff's underlying criminal conviction, sentence and detention. Plaintiff generally challenges the jurisdiction of the United States to indict, sentence or imprison him, based on his alleged status as a Moorish American/Allodial National. (Doc. 1, pp. 1, 5-6). Plaintiff also asserts that the predicate offense in his

underlying criminal conviction is not a cognizable crime because the government has no authority and/or jurisdiction to restrict his *Second Amendment* right to bear arms. (Doc. 1, p. 5). He contends that therefore, his conviction and sentence are illegal. (Doc. 1, pp. 4-5). Plaintiff seeks to hold "all parties of [his] court proceedings" and his "detainers" liable as "accessories to illegal detention." (Doc. 1, p. 4).

Additionally, Plaintiff alleges that the Fairview Heights Police Department wrongfully arrested him on June 17, 2013. (Doc. 1, p. 5). Specifically, he contends that the arrest was unlawful because (1) the United States lacks [*8] jurisdiction over him and/or (2) the United States cannot criminalize firearm possession. Plaintiff also claims that the Fairview Heights Police Department violated his rights on June 17, 2013 because they conducted a search of his home before he consented to that search. *Id.*

**DISCUSSION**[2]

**Overview — *Section 1983* and *Bivens***

*Section 1983* of United States Code Title 42 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. To state a claim § 1983, a plaintiff must establish that (1) he had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the

---

[1] Sentencing was deferred several times due to issues of counsel representation and Plaintiff's competency.

[2] This matter involves a complaint against Chief Judge Reagan, a judicial colleague in the Southern District of Illinois. After consulting the Code of Conduct for United States Judges, the undersigned has determined that recusal is not necessary. *See* 2B Guide to Judiciary Policy, Ch.2, Advisory Opinion No. 103, available at http://www.uscourts.gov/sites/default/files/vol02b-ch02.pdf ("In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds. Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate. Thus, the mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the district or on the court under Canon 3C(1).").

defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *Cruz v. Safford, 579 F.3d 840, 843 (7th Cir. 2009); Schertz v. Waupaca County, 875 F.2d 578, 581 (7th Cir. 1989).*

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics. 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)*, the Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See also Correctional Services Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)* (discussing *Bivens*). Thus, *Bivens* affords a remedy against federal officials that is analogous to a claim against state actors under § 1983. *See Hartman v. Moore, 547 U.S. 250, 254 n. 2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006)*. Even assuming that all of Plaintiff's allegations [*9] are true, as this Court is required to do, he cannot proceed with a claim under § 1983 or *Bivens* for numerous reasons, which are separately discussed below.

**Sovereign Citizen Argument**

Plaintiff describes himself as a Moorish American and an Indigenous Allodial American National. (Doc. 1, p. 6). The Complaint suggests that, because of his status as a Moorish American/Allodial American National, the United States lacked jurisdiction to indict, sentence and imprison him.

Plaintiff's argument is part of a growing trend, commonly referred to as the "sovereign citizen" movement.[3] It is premised on faulty reasoning that has consistently been deemed frivolous. "Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." *United States v. Jonassen, 759 F.3d 653, 657 n. 2 (7th Cir. 2014)*. The argument has "no conceivable validity in American law." *United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)*. The laws of the United States apply to all persons within its

---

[3] For more information about "sovereign citizen" arguments, see J.M. Berger, Without Prejudice: What Sovereign Citizens [*10] Believe, GW: Program on Extremism (2016), available at: https://cchs.gwu.edu/sites/cchs.gwu.edu/files/downloads/OccasionalPaper_Berger.pdf . *See also El v. AmeriCredit Financial Services, Inc., 710 F.3d 748, 750 (7th Cir. 2013)* (describing the beliefs of so-called sovereign citizens of alleged Moorish origin).

borders. *See United States v. Phillips, 326 Fed. App'x 400 (7th Cir. 2009)* (rejecting "sovereign citizen" argument as frivolous and noting that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law").

To the extent that Plaintiff alleges his constitutional rights were violated because he is a sovereign citizen and seeks monetary relief for those alleged violations, the claims are dismissed with prejudice as legally frivolous.

**Claims Against Improper Defendants**

A majority of the defendants are not amenable to suit in a § 1983 or *Bivens* action and/or are entitled to certain immunities. As such, the claims directed against these defendants must be dismissed as legally frivolous.

**1. Tasha Ann Denise Johnson**

This individual, Plaintiff's former girlfriend, is not a state or federal actor. Therefore, she is not an appropriate defendant and all claims against her will be dismissed with prejudice as legally frivolous. *See West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)* (To state a claim pursuant to *42 U.S.C. § 1983*, a plaintiff must show the deprivation of a constitutional right by a person acting under color of state law); *Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005)* (*Bivens* claims must be directed against federal officials or agents).

**2. United States**

The United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006)* (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). "[T]he point of *Bivens* [i]s to establish [*11] an action against the employee to avoid the sovereign immunity that would block an action against the United States." *See Sterling v. United States, 85 F.3d 1225, 1228-29 (7th Cir. 1996); F.D.I.C. v. Meyer, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003)*. Moreover, Plaintiff makes no allegations of wrongdoing alleged against the United States. "Where a complaint alleges no specific act or conduct on the part of the defendant

2018 U.S. Dist. LEXIS 16670, *11

and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)*. Accordingly, Plaintiff's claims against the United States must be dismissed as legally frivolous.

### 3. Defense Attorneys

Defense attorneys, even those appointed by the court, are not considered state actors or federal officials for purposes of a claim under *§ 1983* or *Bivens*. See *Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)* (holding that "a public defender does not act under color of state law [for purposes of liability under *§ 1983*] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Haley v. Walker, 751 F.2d 284, 285 (8th Cir.1984)* ("By analogy [to *Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)* ], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982)* (a federal public defender may not be sued for malpractice in a Bivens-type suit). Accordingly, Plaintiff's [*12] claims against his defense attorneys (Stiehl, Jr., Kavanaugh, Brengle and Skaggs) will be dismissed as legally frivolous.

### 4. Prosecutors

To the extent that Plaintiff intended to bring claims against the individual prosecutors in his underlying criminal case for the initiation of the prosecution and subsequent court proceedings, those claims are also subject to dismissal as legally frivolous. *Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)* (prosecutor has absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process"). *See also Buckley v. Fitzsimmons, 20 F.3d 789, 795 (7th Cir. 1994)* (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986)* (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence").

### 5. Prosecutors Office, Probation, Public Defenders Office, and FCI

The Prosecutors Office, Public Defenders Office, Probation, and FCI Ashland are federal agencies. Thus, they are not amenable to suit in a *Bivens* action. *See FDIC v. Meyer, 510 U.S. 471, 483-486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)* (federal agencies are not subject to suit for damages under *Bivens*). Rather, a *Bivens* action provides for a remedy against [*13] federal agents, acting in their individual capacities. *Id. See also Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir.2005)* ("federal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only"). Any claims directed against these entities are subject to dismissal as legally frivolous.

### 6. Chief Judge Reagan

Plaintiff sues Chief Judge Reagan, the district court judge that presided over his underlying criminal case, for solely judicial acts. The doctrine of judicial immunity establishes the absolute immunity of judges from damages for all actions taken as part of their judicial (as opposed to executive or administrative) functions, even when they act maliciously or corruptly. *See Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)*. This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)*.

Chief Judge Reagan is entitled to absolute immunity for his judicial acts. Thus, all claims directed against him are subject to dismissal as legally frivolous.

### Improper Claims against Police and Sheriff Departments

Plaintiff has named the Fairview Heights Police Department, the Monroe County Sheriff [*14] Department and the St. Clair County Sheriff Department as defendants. The Fairview Heights Police Department is a municipal department of the City of Fairview Heights, and is therefore not subject to suit; the real party in interest is the City of Fairview Heights. Accordingly, all claims against the Fairview Heights Police Department are dismissed with prejudice. *See Best v. City of Portland, 554 F.3d 698, 698 n.* (7th Cir. 2009); *West By and Through Norris v. Waymire, 114*

*F.3d 646, 646-47 (7th Cir. 1997)*; *Karney v. City of Naperville, 2015 U.S. Dist. LEXIS 143407, 2015 WL 6407759, at *1 (N.D. Ill. Oct. 22, 2015)* (Naperville Police Department is not a suable entity). The same principle applies to Defendants Monroe County Sheriff Department and the St. Clair County Sheriff Department. *See Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir.2004)* (sheriff's department is not a legal entity separable from the county government which it serves and therefore, not subject to suit); *see also Buchanan v. City of Kenosha, 57 F.Supp.2d 675, 678 (E.D.Wis.1999)* (citing cases).

Although not named as defendants, the City of Fairview Heights, St. Clair County, and Monroe County may be sued *if* the alleged constitutional violation was caused by an unconstitutional policy or custom of the city or county. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*. Individual officers working for these departments are also potentially viable defendants. However, in the instant case, amendment would be futile. As is discussed elsewhere in this Order, even if Plaintiff were to name proper defendants, [*15] his claims would fail because they are either (1) premised on the legally frivolous sovereign citizen argument (*see* § IV.B., supra) or (2) subject to the bar announced in *Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)* (*see* § IV.F., infra).

**Failure to Allege Personal Involvement**

Plaintiff has sued five defendants who are amenable to suit in a § 1983 or *Bivens* action: (1) "Barbara," Chief Judge Reagan's Court Reporter;[4] (2) Don Berry, United States Marshal; (3) George Howard, Probation Officer; (4) Jimmy White, United States Marshal; and (5) Clinton County, Illinois. However, he does not allege that any of these defendants were personally involved in a violation of his constitutional rights.

Plaintiffs are required to associate specific defendants with specific claims to put defendants on notice of the claims brought against them and to enable the defendants to properly answer the complaint. *See Twombly, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2)*. Where a plaintiff has not included a defendant in his

statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998)*. Plaintiff must instead allege that [*16] each defendant was personally involved in a violation of his constitutional rights. Plaintiff has not done this.

Accordingly, the claims against these defendants are subject to dismissal for failure to state a claim upon which relief can be granted. Normally, such a dismissal would include an opportunity to file an amended complaint alleging personal involvement. However, for reasons previously discussed, amendment would be futile.

**Heck v. Humphrey**

Even if Plaintiff's claims survived the various immunities discussed above, properly alleged that the defendants were all state or federal actors, and otherwise made sufficient allegations against suable defendants, if successful, they would necessarily imply the invalidity of his criminal conviction and sentence. As such, Plaintiff's claims are barred by *Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)*.[5] In *Heck*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state [*17] tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, *28 U.S.C. § 2254*. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id. at 486-87, 114 S. Ct. at 2372.*

Here, Plaintiff alleges that his constitutional rights were

---

[4] Unlike judges, court reporters are not entitled to absolute immunity. *Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006)*.

[5] The *Heck* doctrine applies with equal force to *Bivens* actions. *Case v. Milewski, 327 F.3d 564, 568-69 (7th Cir. 2003); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997)* (per curiam) (collecting cases).

2018 U.S. Dist. LEXIS 16670, *17

violated during the course of his criminal prosecution in the Southern District of Illinois. He argues that his felon in possession conviction violates his _Second Amendment_ right to bear arms and is otherwise unconstitutional, and that therefore, any individual or entity connected to his prosecution, sentence and/or detention is subject to liability for violating his constitutional rights. A finding in Plaintiff's favor on these claims would amount to finding that the statute under which Plaintiff was convicted is invalid or unconstitutional and would necessarily impugn the validity of his conviction and sentence, which still stand. Therefore, Plaintiff's claims are _Heck_-barred.

Plaintiff also alleges that the Fairview Heights Police Department violated his rights during the search and seizure that led to his arrest. Generally, _Heck_ does not bar a false arrest claim. _See [*18] Wallace v. Kato, 549 U.S. 384, 395, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir.2008)_ ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims, _Fourth Amendment_ claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the Heck bar to suit."), cert denied, _556 U.S. 1235, 129 S. Ct. 2381, 173 L. Ed. 2d 1293 (2009); Gilbert v. Cook, 512 F.3d 899, 901 (7th Cir. 2008)_ ("... _Heck_ does not affect litigation about police conduct in the investigation of a crime."). However, a plaintiff can plead himself into a _Heck_-bar by pleading allegations in support of his claim that are inconsistent with his conviction. _See Gilbert v. Cook, 512 F.3d 899, 902 (7th Cir. 2008)_. Plaintiff has done so here.

The Complaint suggests that Plaintiff's arrest was wrongful because the United States has no authority to criminalize possession of a firearm and/or because being a felon in possession of a firearm is otherwise not a crime. Once again, Plaintiff's argument challenges the validity of the statute under which he was sentenced and convicted, and is _Heck_-barred.

Plaintiff also challenges the search and seizure that led to his arrest on the ground that it occurred without his consent. Specifically, Plaintiff claims that officers searched his home _before_ he consented. This claim directly contradicts stipulated facts [*19] from Plaintiff's criminal plea. _See_ Criminal Case, Doc. 49 paragraphs 4-5. Thus, Plaintiff has interwoven a challenge to his guilty plea with a challenge to the lawfulness of the subject search. Thus, this claim is also _Heck_-barred.

_See Easterling v. Moeller, 334 Fed. Appx. 22, 24 (7th Cir. 2009); Okoro v. Callaghan, 324 F.3d 488 (2003)_.[6]

**Request for Injunctive and Declaratory Relief**

Plaintiff's request for injunctive relief warrants little additional discussion. Plaintiff asks the Court to release him from custody, expunge or seal his record and put him on the "do not detain" list. The Court has no authority to order this relief. Monetary relief is available in _§ 1983_ and _Bivens_ actions, but release from custody is not. _Section 2255_ is the "exclusive remedy" to challenge a federal conviction, unless that remedy is "inadequate or ineffective to test the legality of [the] detention." _28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667, 258 Fed. Appx. 886 (7th Cir. 2007)_. If § 2255 proves to be inadequate or ineffective, Plaintiff may be able to pursue federal habeas relief under _28 U.S.C. § 2241_. Further, this Court cannot convert any portion of this action to a claim for habeas corpus relief. _Moore v. Pemberton, 110 F.3d 22 (7th Cir. 1997); Copus v. City of Edgerton, 96 F.3d 1038 (7th Cir. 1996)_.

The Court also denies Plaintiff's request for declaratory relief. Plaintiff is free to refer to himself as a Moorish American or any other description he chooses. The Court, however, will not issue [*20] a Declaration pertaining to this patently frivolous position.

**PENDING MOTIONS**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** as **MOOT**. (Doc. 3). Plaintiff's Motion for Leave to Proceed _in Forma Pauperis_ (Doc. 2) shall be addressed in a separate order of the Court.

---

[6] Even if this claim is not _Heck_-barred it is untimely. The applicable statute of limitations for a _§ 1983 Fourth Amendment_ false arrest claim arising in Illinois is two years. _735 ILCS 5/13-202_ (2009). "[A] _§ 1983_ claim seeking damages for a false arrest in violation of the _Fourth Amendment_, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." _Wallace v. Kato, 549 U.S. 384, 397, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); see also Brooks v. City of Chicago, 564 F.3d 830, 832 (7th Cir. 2009)_. Plaintiff's claim came more than two years after his arrest, and thus, any _Fourth Amendment_ false arrest claim that is not _Heck_-barred is time-barred.

2018 U.S. Dist. LEXIS 16670, *20

## DISPOSITION

**IT IS HEREBY ORDERED** that the claims directed against Defendants **USA, REAGAN, STIEHL, JR., KAVANAUGH, BRENGLE, SKAGGS, JOHNSON, PROSECUTORS OFFICE, PROBATION, FEDERAL DEFENDER OFFICE, FCI ASHLAND** and **UNKNOWN PARTY** *Prosecutors on Case* are **DISMISSED** with prejudice as legally frivolous.

**IT IS ALSO ORDERED** that Plaintiff's claims pertaining to his status as a Moorish American/Allodial American National (the "Sovereign Citizen" claims) are **DISMISSED** with prejudice as legally frivolous.

**IT IS ALSO ORDERED** that all remaining claims are **DISMISSED** without prejudice as *Heck*-barred and therefore legally frivolous.

**IT IS ALSO ORDERED** that the action is **DISMISSED** as legally frivolous. The Court **DIRECTS** the Clerk of the Court to close the case and enter judgment accordingly.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of *28 U.S.C. § 1915(g)*. Plaintiff's obligation to pay the **[*21]** filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See 28 U.S.C. § 1915(b)(1); Lucien v. Jockisch, 133 F.3d 464, 467 (7th Cir. 1998)*.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. *FED. R. APP. 4(a)(1)(A)*. A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See Fed. R. Civ. P. 24(a)(1)(C)*. If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); Ammons v. Gerlinger, 547 F.3d 724, 725-26 (7th Cir. 2008); Sloan v. Lesza, 181 F.3d 857, 858-59 (7th Cir. 1999); Lucien, 133 F.3d at 467*. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to *Federal Rule of Civil Procedure 59(e)* may toll the 30-day appeal deadline. *FED. R. APP. P. 4(a)(4)*. A *Rule 59(e)* motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 31, 2018**

/s/ STACI M. YANDLE

**District Judge**

**United States District Court**

**JUDGMENT IN A CIVIL CASE**

**YANDLE, District Judge:**

This action came before the Court, District Judge Staci M. Yandle, and the following decision was reached:

**JUDGMENT IS HEREBY ENTERED AGAINST** Plaintiff and **IN FAVOR OF** Defendants. Plaintiff shall recover **[*22]** nothing. Claims directed against Defendants USA, Reagan, Stiehl, Jr., Kavanaugh, Brengle, Skaggs, Johnson, Prosecutors Office, Probation, Federal Defender Office, FCI Ashland and Unknown Party *Prosecutors on Case* are **DISMISSED** with prejudice as legally frivolous. Claims pertaining to Plaintiff's status as a Moorish American/Allodial American National (the "Sovereign Citizen" claims) are **DISMISSED** with prejudice as legally frivolous. All remaining claims are **DISMISSED** without prejudice as *Heck*-barred and therefore legally frivolous. This dismissal shall count as one of Plaintiff's allotted "strikes" under *28 U.S.C. § 1915(g)*.

**DATED**: January 31, 2018

APPROVED: /s/ STACI M. YANDLE

STACI M. YANDLE

United States District Judge

---

**End of Document**

Michael McCartin

◆ Positive
As of: May 1, 2018 2:50 PM Z

# *Robinson v. Fischer*

United States District Court for the Northern District of New York

March 31, 2014, Decided; March 31, 2014, Filed

9:13-CV-1545 (GTS/TWD)

**Reporter**
2014 U.S. Dist. LEXIS 44644 *; 2014 WL 1289611

GARY FRANKLIN ROBINSON, Plaintiff, v. BRIAN
FISCHER, Defendant.

## Core Terms

pro se, amended complaint, sovereign, amend, fail to
state a claim, injunctive relief, plaintiff's claim, cases,
monetary damages, further ordered, allegations, invalid,
frivolous, preliminary injunctive relief, plaintiff seeks, civil
rights, set forth, incarceration, confinement, requires,
notice, in forma pauperis, habeas corpus, plausibility,
citations, expunged, records, futile, merits

**Counsel:** [*1] GARY FRANKLIN ROBINSON, Plaintiff,
Pro se, Malone, NY.

**Judges:** Hon. Glenn T. Suddaby, U.S. District Judge.

**Opinion by:** Glenn T. Suddaby

## Opinion

### DECISION and ORDER

### I. INTRODUCTION

The Clerk has sent to the Court a pro se complaint filed
by plaintiff Gary Franklin Robinson pursuant to *42
U.S.C. § 1983* ("*Section 1983*"), together with an
application to proceed in forma pauperis. Dkt. No. 1
("Compl."); Dkt. No. 4 ("IFP Application"). Plaintiff has
also filed a motion for preliminary injunctive relief. Dkt.
No. 9. For the reasons set forth below, plaintiff's IFP
Application is granted; plaintiff's complaint is sua sponte
dismissed pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28
U.S.C. § 1915A(b)* for failure to state a claim upon which
relief may be granted; and plaintiff's motion for
preliminary injunctive relief is denied.

### II. IFP APPLICATION

Upon review of plaintiff's IFP Application (Dkt. No. 4),
the Court finds that plaintiff has demonstrated economic
need and has submitted the inmate authorization form
required in this District. As a result, the Court grants
plaintiff's IFP Application.

### III. SUA SPONTE REVIEW OF PLAINTIFF'S
COMPLAINT

Having found that plaintiff meets the financial criteria for
commencing this action in forma **[*2]** pauperis, and
because plaintiff seeks relief from a governmental entity
or an officer or employee of a governmental entity, the
Court must consider the sufficiency of the allegations
set forth in the complaint in light of *28 U.S.C. §§ 1915(e)*
and *1915A*. Section 1915(e) directs that, when a plaintiff
seeks to proceed in forma pauperis, "(2) . . . the court
shall dismiss the case at any time if the court
determines that — . . . (B) the action . . . (i) is frivolous
or malicious; (ii) fails to state a claim on which relief may
be granted; or (iii) seeks monetary relief against a
defendant who is immune from such relief." *28 U.S.C. §
1915(e)(2)(B)*.[1] Thus, even if a plaintiff meets the
financial criteria to commence an action in forma
pauperis, it is the court's responsibility to determine
whether the plaintiff may properly maintain the
complaint that he filed in this District before the court
may permit the plaintiff to proceed with this action in
forma pauperis. *See id.*

Likewise, under *28 U.S.C. § 1915A*, **[*3]** a court must

---

[1] To determine whether an action is frivolous, a court must
look to see whether the complaint "lacks an arguable basis
either in law or in fact." *Neitzke v. Williams, 490 U.S. 319, 325,
109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*.

2014 U.S. Dist. LEXIS 44644, *3

review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *28 U.S.C. § 1915A; see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)* (per curiam) (*Section 1915A* applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007)* (stating that both *sections 1915* and *1915A* are available to evaluate prisoner pro se complaints).

## A. Governing Legal Standard

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to *Fed. R. Civ. P. 12(b)(6)*, can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under *Fed. R. Civ. P. 8(a)(2)*; or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty., 549 F. Supp. 2d 204, 211 nn.15-16 (N.D.N.Y. 2008)* [*4] (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. *Rule 8(a)(2) of the Federal Rules of Civil Procedure* requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)* (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by *Fed. R. Civ. P. 8(a)(2)*.

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under *Fed. R. Civ. P. 8(a)(2)* as "simplified" and "liberal." *Jackson, 549 F. Supp. 2d at 212 n.20* (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under *Fed. R. Civ. P. 8(a)(2)* requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds [*5] upon which it rests." *Jackson, 549 F. Supp. 2d at 212 n.17* (citing Supreme

Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson, 549 F. Supp. 2d at 212 n.18* (citing Supreme Court cases); *Rusyniak v. Gensini, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009)* (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." *2 Moore's Federal Practice § 12.34(1)(b)* at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak, 629 F. Supp. 2d at 213, n.22* (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal, 556 U.S. 662, 677-84, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*.

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under *15 U.S.C. § 1. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. [*6] In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly, 550 U.S. at 561-63*. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id. at 555-72*. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id. at 555-56*. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant [*7] is liable for the misconduct alleged." *Iqbal, 556 U.S. at 678*. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id. at 679* (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly, 550 U.S. at 556.*

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal, 556 U.S. at 678*. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not **[*8]** suffice. *Id.* (internal citations and alterations omitted). *Rule 8* "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to pro se litigants. While the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set forth in *Fed. R. Civ. P. 8, 10* and *12*.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in *Fed. R. Civ. P. 8, 10* and *12* are procedural rules that even pro se civil rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding pro se, "all normal rules of pleading are not absolutely suspended." *Jackson, 549 F. Supp. 2d at 214 n.28* (citations omitted).[4]

---

[2] *See Vega v. Artus, 610 F. Supp. 2d 185, 196* & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak, 629 F. Supp. 2d at 214* & n.34 (citing Second Circuit cases).

[3] *See Vega, 610 F. Supp. 2d at 196, n.10* (citing Supreme Court and Second Circuit **[*9]** cases); *Rusyniak, 629 F. Supp. 2d at 214* & n.34 (citing Second Circuit cases).

[4] It should be emphasized that *Fed. R. Civ. P. 8*'s plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se*

With this standard in mind, the Court will review plaintiff's complaint.

## B. Review of the Complaint

Plaintiff brought this action under *Section 1983* which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995)* (citing *Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508, 110 S. Ct. 2510, 110 L. Ed. 2d 455 (1990)* (quoting *42 U.S.C. § 1983*)) (footnote omitted).

Although most of his complaint is rambling and far from clear, construed liberally, the gravamen of plaintiff's complaint is that he is a "Sovereign American," and is being held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to an invalid contract, or no contract. Compl. at 1. Plaintiff claims that, because he is "sovereign," the only way that the government can have authority over him is through a contractual agreement. *Id.* at 2-4. As relief, plaintiff seeks his immediate release from incarceration, as well as monetary damages resulting from both the alleged illegal confinement, and from his rights **[*11]** as a sovereign.[5] *See generally* Compl. Plaintiff also requests that his "criminal records,

---

pleading) the Court stated, "*Specific facts are not necessary* to successfully state a claim under *Fed. R. Civ. P. 8(a)(2)*. *Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)* (emphasis added). That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly, 550 U.S. at 555 n.3* (citing *Conley, 355 U.S. at 47*) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact alleged (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak, 629 F. Supp. 2d at 214* & **[*10]** n.35 (explaining holding in *Erickson*).

[5] Plaintiff attached a number of documents that he has executed purporting to renounce "all allegiance to the Foreign Venue and Jurisdiction . . . of and within the United States (Washington DC)." Dkt. No. 1-1 at 2. Plaintiff also claims to be "not subject to . . . the Corporate United States of America, the Corporate State of New York, and/or any other Corporate Governmental body, whatsoever, without a valid contract." *Id.* at 1.

photos, fingerprints, [and] blood samples" relating to his criminal conviction be returned to him. *Id.* at 6. For a more complete statement of plaintiff's claims, refer to the complaint.

### 1. Request for Immediate Release

Insofar as plaintiff seeks his immediate release from prison, his claims are not cognizable in this *Section 1983* action. In *Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)*, the Supreme Court held that habeas corpus was the appropriate remedy for prisoners challenging the fact or duration of their confinement. *See id. at 490*; *see also Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994)* (noting that "habeas corpus — not a § 1983 action — provides the sole federal [*12] remedy where a state prisoner challenges the fact or duration of his imprisonment . . . ." (citing *Preiser, 411 U.S. at 488-90*). Although plaintiff styles his pleading as a civil rights complaint, *Section 1983* does not provide a remedy for what plaintiff claims is his unlawful detention by DOCCS.

Therefore, to the extent that plaintiff seeks his immediate release from incarceration, that claim is dismissed pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)(1)* for failure to state a claim upon which relief may be granted under *Section 1983*.

### 2. Request for Monetary Damages and Injunctive Relief

Plaintiff seeks monetary damages for his alleged unlawful confinement by DOCCS and injunctive relief in the form of directing defendant to return plaintiff's criminal records to him. Compl. at 6. Liberally construed, the request for the return of his records is in essence a request to expunge any reference to plaintiff's criminal conviction.

In *Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)*, the Supreme Court held that a *Section 1983* action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction [*13] or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of

habeas corpus . . . ." *Id. at 486-87*.[6] "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,'" thus, any shortening of a term of confinement will be subject to the rule in *Heck. Wilkinson v. Dotson, 544 U.S. 74, 83-84, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005)* (quoting *Heck, 512 U.S. at 483, 486*) (other citation omitted); *see also Jude v. New York State, No. 07 Civ. 5890, 2009 U.S. Dist. LEXIS 34844, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009)* (citing cases). Indeed, an inmate's *Section 1983* action is barred by *Heck* "(absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson, 544 U.S. at 81-82* (emphasis in original); *see also Bodie v. Morgenthau, 342 F. Supp. 2d 193, 201 (S.D.N.Y. 2004)* (denying plaintiff's request for injunctive relief where plaintiff sought "to compel specific action pertaining to the content of [his] [*14] parole records").

Here, plaintiff's claims for monetary damages and injunctive relief are both predicated upon his assertion that he is illegally incarcerated by DOCCS. An award of monetary damages for his incarceration or the expungement of his criminal record would each necessarily imply that his conviction was invalid. The allegations in the complaint are not sufficient to allow the Court "to draw the reasonable inference" that plaintiff has established, as he must, that he has been illegally detained; that he was improperly convicted, or that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[7] Thus, plaintiff's claims for monetary damages and injunctive relief are barred by *Heck v. Humphrey*.

Accordingly, plaintiff's claims for monetary damages for his alleged unlawful incarceration and injunctive relief seeking expungement of his criminal records are dismissed in their entirety pursuant to *28 U.S.C. §*

___

[6] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).*

[7] The Court notes that plaintiff has been denied habeas relief twice. *See Robinson v. Portuondo*, No. 6:01-CV-6154 (W.D.N.Y.) (dismissing habeas petition as untimely), *appeal dismissed, id.*, Dkt. No. 10; *Robinson v. Smith*, No. 6:03-CV-6633 [*15] (W.D.N.Y.), Dkt. No. 9 (Second Circuit Mandate denying leave to file a second or successive habeas petition).

1915(e)(2)(B) and _28 U.S.C. § 1915A(b)(1)_ for failure to state a claim upon which relief may be granted.

### 3. Claims Based Upon "Sovereign Citizenship"

The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."[8] _United States v. Ulloa, 511 F. App'x 105, 107 n.1 (2d Cir. 2013)_. The "sovereign citizen" belief system has been described by other courts as "completely without merit," "patently frivolous," _United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992)_, and having "no conceivable validity in American law," _United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)_.

The Court therefore concludes that, to the extent plaintiff's claims are premised on his rights as a "sovereign citizen," those claims are dismissed pursuant to _28 U.S.C. § 1915(e)(2)(B)_ and _28 U.S.C. § 1915A(b)_ for failure to state a claim upon which relief may be granted, and because such claims are frivolous.

### 4. Plaintiff's Failure to Personally Sign the Complaint

Plaintiff has not personally signed the complaint. _See_ Compl. at 6-7. Instead, the complaint is signed by Shailee Johnson, as power of attorney for plaintiff. _Id._ _Rule 11(a) of the Federal Rules of Civil Procedure_ ("Fed. R. Civ. P.") states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after **[*17]** being called to the attorney's or party's attention.

_Fed. R. Civ. P. 11(a)_.[9] By statute, parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." _28 U.S.C. § 1654; see Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009)_. "Although _[section] 1654_ thus recognizes that an individual generally has the right to proceed pro se with respect to his _own_ claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." _Berrios, 564 F.3d at 132_ (internal quotation marks omitted; emphasis in original). This rule recognizes that "a non-attorney creates unusual burdens" for his adversary, the court, as well as the party he intends to represent. _Berrios, 564 F.3d at 133; see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)_ (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause); _Phillips v. Tobin, 548 F.2d 408, 411 n.3 (2d Cir. 1976)_. Shailee Johnson purports to sign on plaintiff's behalf as plaintiff's power of attorney. There is no indication that Shailee Johnson is a lawyer. Even assuming that **[*18]** Shailee Johnson is authorized to act on plaintiff's behalf in legal matters under a power of attorney, this does not overcome the requirement under _section 1654_ "that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." _Berrios, 564 F.3d at 134_. "A power of attorney does not allow that person to proceed pro se on behalf of their principal[.]" _Clark v. Burge, No. 06-CV-0658, 2007 U.S. Dist. LEXIS 28939, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007)_.[10] Accordingly, in the event that plaintiff submits a pro se amended complaint, as discussed below in Part III.C., plaintiff must personally sign the amended complaint.

---

[8] Although plaintiff refers to himself as a "Sovereign American," the beliefs he subscribes to mirror those of sovereign citizens. **[*16]** "Sovereign citizens apparently also believe that, by entering into contracts with the federal government or by receiving benefits from it, they lose their birthright of sovereign citizenship." _Gauthier v. Kirkpatrick, No. 2:13-CV-0187, 2013 U.S. Dist. LEXIS 172578, 2013 WL 6407716, at *17, n.18 (D.Vt. Dec 9, 2013)_ (citation omitted).

---

[9] _Rule 10.1(c)(2)_ of the Local Rules of Practice of this District also requires that all documents submitted to the Court must include the original signature of the attorney or the pro se litigant.

[10] _See also Megna v. U.S. Department of Navy, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004)_ ("Although _New York General Obligations Law § 5-1502H_ authorizes an agent holding a sufficient power of attorney '[t]o assert and prosecute before any court ... any cause of action ... which the principal has, or claims to have, against any individual,' **[*19]** that statute only permits the agent to hire on behalf of her principal, _see e.g., In re Khoubesserian, 264 A.D.2d 599, 600, 695 N.Y.S.2d 312, 314 (2d Dep't 1999)_, leave to appeal denied, _94 N.Y.2d 757, 704 N.Y.S.2d 532, 725 N.E.2d 1094 (1999)_, not to commence an action pro se in the name of her principal.").

## C. Dismissal With or Without Leave

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. See _Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999)_. However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.[11]

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." _Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)_ (citations omitted), accord, _Brown v. Peters, No. 6:95-CV-1641 (RSP/DS), 1997 U.S. Dist. LEXIS 14718, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997)_ ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); [*21] see also _Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)_ (denial not abuse of discretion where amendment would be futile); _Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)_ ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted);

_Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)_ ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); _Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990)_ ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

This rule applies even to pro se plaintiffs. See, e.g., _Cuoco, 222 F.3d at 103_; _Brown, 1997 U.S. Dist. LEXIS 14718, 1997 WL 599355, at *1_. As explained above in Part III.A. of this Decision and Order, while the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards [*22] set forth in _Fed. R. Civ. P. 8, 10_ and _12_. Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in _Fed. R. Civ. P. 8, 10_ and _12_ are procedural rules that even pro se civil rights plaintiffs must follow.

Here, because the Court finds that any amendment of any of plaintiff's claims based upon his status as a sovereign citizen are without merit, and wholly frivolous, the Court dismisses those claims with prejudice pursuant to _28 U.S.C. § 1915(e)(2)(B)_ and _28 U.S.C. § 1915A(b)_.

The Court reaches a different conclusion with regard to plaintiff's remaining claims which challenge his conviction and seek monetary damages or injunctive relief arising from his alleged illegal incarceration. Granted, the Court has some difficulty finding that the defects in these claims are merely formal. However, the Court is mindful of the special solicitude that should be afforded to pro se civil rights litigants. For that reason, these claims are dismissed without prejudice.[12]

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint as to those claims dismissed without prejudice. See _Gomez, 171 F.3d at 796_. In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that the individual

---

[11] _Shuler v. Brown, No. 07-CV-0937, 2009 U.S. Dist. LEXIS 124791, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009)_ (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), accord, _Smith v. Fischer, No. 07-CV-1264, 2009 U.S. Dist. LEXIS 129478, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009)_ (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); _Abascal v. Hilton, No. 04-CV-1401, 2008 U.S. Dist. LEXIS 6856, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30 2008)_ (Kahn, J., adopting, on de novo review, Report-Recommendation [*20] by Lowe, M.J.); see also _Yang v. New York City Trans. Auth., No. 01-CV-3933, 2002 U.S. Dist. LEXIS 20223, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002)_ (denying leave to amend where plaintiff had already amended complaint once); _Advanced Marine Techs. v. Burnham Sec ., Inc., 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998)_ (denying leave to amend where plaintiff had already amended complaint once); cf. _Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)_ (denial of leave to amend not abuse of discretion if movant has repeatedly failed to cure deficiencies in pleading).

---

[12] See _Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999)_ (dismissal under _Heck_ is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question [*23] by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

Michael McCartin

named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights and that he presently has the right to proceed with his claims in this action. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff is also advised that he must **personally sign** any amended complaint that he submits.

If plaintiff fails to submit an amended complaint, personally signed by him, within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss the remainder of this action in its entirety **[*24]** without prejudice pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)* for failure to state a claim upon which relief may be granted.

**D. Motion for Preliminary Injunctive Relief**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005)* (quoting *Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997))*. The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35, 38 (2d Cir. 2010)*. To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id. at 35*; *Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011)*. However, when the moving party seeks a "mandatory injunction that alters the status quo **[*25]** by commanding a positive act," the burden is even higher. *Id.; see Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996)*. Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts., 598 F.3d at 35 n.4* (internal quotation marks omitted).

Here, the Court has determined that plaintiff's complaint is insufficient and that an amended complaint must be filed if this action to proceed. Without a valid pleading, plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief, let alone the "clear showing" that must be made for the mandatory injunctive relief that he seeks.

Therefore, plaintiff's motion for injunctive relief is denied without prejudice to file a new motion if and when plaintiff has filed an amended complaint and the amended complaint survives sua sponte review under *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)*.

**IV. [*26] CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 4) is **GRANTED**;[13] and it is further

**ORDERED** that the Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 5), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to *28 U.S.C. § 1915*; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 5) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that all of plaintiff's claims based upon his status as a sovereign citizen are **DISMISSED with prejudice** pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)* for failure to state a claim upon which relief may be granted and as frivolous; and it is further

**ORDERED** that the remainder of plaintiff's complaint is **DISMISSED without [*27] prejudice** pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)* for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must, **within thirty (30) days** from the filing

---

[13] Plaintiff should note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2014 U.S. Dist. LEXIS 44644, *27

date of this Decision and Order file an amended complaint as set forth above, which **must be personally signed by plaintiff**; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the remainder of this action is **DISMISSED without prejudice without further order of this Court** pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *28 U.S.C. § 1915A(b)* for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: March 31, 2014

Syracuse, **[*28]** NY

/s/ Glenn T. Suddaby

Hon. Glenn T. Suddaby

U.S. District Judge

---

End of Document

Michael McCartin

 Positive

As of: May 1, 2018 2:51 PM Z

# *Muhammad v. Smith*

United States District Court for the Northern District of New York

July 23, 2014, Decided; July 23, 2014, Filed

3:13-cv-760 (MAD/DEP)

**Reporter**

2014 U.S. Dist. LEXIS 99990 *; 2014 WL 3670609

JAMIL ABDUL MUHAMMAD, Plaintiff, vs. JUDGE MARTIN E. SMITH; JASON WHITE, Assistant District Attorney; BROOME COUNTY COURTS, 6TH DISTRICT; AMERICAN BAR ASSOCIATION; UNITED STATES OF AMERICA; and STATE OF NEW YORK, Defendants.

**Prior History:** *Muhammad v. Judge, 2013 U.S. Dist. LEXIS 148510 (N.D.N.Y, Oct. 16, 2013)*

## Core Terms

Recommendation, magistrate judge, redemptionist, frivolous, state actor, amended complaint, entity, sovereign, strawman, Courts, rights, bar association, theories, ORDERS, pro se, citations, immunity, filings, party's

**Counsel:** [*1] JAMIL ABDUL MUHAMMAD, Plaintiff, Pro se, Albion, New York.

**Judges:** Mae A. D'Agostino, United States District Judge.

**Opinion by:** Mae A. D'Agostino

## Opinion

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, who is currently a New York State prisoner but was not at the time this action was filed, commenced this civil rights action asserting claims against a sitting judge, an assistant district attorney, a county court, and the American Bar Association. *See* Dkt. No. 1. In an October 16, 2013 Report, Recommendation, and Order,

Magistrate Judge Peebles conducted an initial review of the complaint and recommended that the complaint be dismissed, with leave to replead only as to any claims asserted against Defendant American Bar Association. *See* Dkt. No. 19.

Currently before the Court is Magistrate Judge Peebles' Report, Recommendation, and Order and Plaintiff's objections thereto.

### II. BACKGROUND

Plaintiff's complaint and his many subsequent filings are largely unintelligible. In his complaint, Plaintiff identifies himself as a "Moor/Sovereign/a Freeman On The Land/ a Man, Real Live Flesh and Blood[.]" Dkt. No. 1 at 3. Plaintiff claims that, through his "unalienated rights under *UCC1-207(308)*," he is "entitled to any Interpleted [*2] Funds relative to JAMIL ABDUL MUHAMMAD, and the defendant is determined to be Barred from any collection of my alleged debt from JAMIL ABDUL MUHAMMAD relating to Jamil Abdul Muhammad and defendant had in no 'CLAIM IN FACT.'" *Id.* at 5.

From other submissions submitted by Plaintiff, it appears that Plaintiff was sentenced by Broome County Court Judge Martin E. Smith, a named Defendant, based upon a plea of guilty entered in that court. *See* Dkt. No. 7 at 2. Plaintiff appears to allege that, as a result of those proceedings, Judge Smith is guilty of kidnapping, and is liable for conspiracy to violate his civil rights in violation of *18 U.S.C. § 241. See id.* Further, Plaintiff makes vague references to a clerk in Binghamton named "Karen," and claims that she and other Defendants have placed him in imminent harm. *See* Dkt. No. 21 at 4-5. Plaintiff asks the Court to award him "the dismissal of said charges" and to release him "by implying said 'habeas corpus' granting [him] immediate release of confinement[.]" *Id.* at 5.

In a Report, Recommendation, and Order, Magistrate

2014 U.S. Dist. LEXIS 99990, *2

Judge Peebles granted Plaintiff's motion to proceed *in forma pauperis* and then conducted an initial review of the complaint. [*3] *See* Dkt. No. 19. Magistrate Judge Peebles noted that Plaintiff's complaint failed to meet the minimal pleading standards set forth in *Rule 8 of the Federal Rules of Civil Procedure*, as well as *Twombly* and its progeny. *See id.* at 7. In light of his *pro se* status, however, Magistrate Judge Peebles considered Plaintiff's subsequent filings to determine if he has set forth a plausible claim against any named Defendant. *See id.* at 8.

Magistrate Judge Peebles first found that Defendants Smith and White are entitled to absolute immunity because Plaintiff's claims against them are associated with his prosecution in Broome County. *See id.* at 8-9. Further, the report found that Plaintiff's claims brought pursuant to *18 U.S.C. § 241* should be dismissed because it is a criminal statute that does not give rise to a private cause of action. *See id.* at 9 n.6 (citations omitted). Next, Magistrate Judge Peebles concluded that Plaintiff's claims against the Broome County Courts must be dismissed because they are an extension of the state, immune from suit under the *Eleventh Amendment*. *See id.* at 10. Thereafter, Magistrate Judge Peebles found that the Court should dismiss Plaintiff's claims against Defendant [*4] American Bar Association ("ABA") because Plaintiff failed to allege any facts to plausibly suggest that Defendant ABA is a state actor, or that it acted under color of state law when allegedly violating Plaintiff's rights. *See id.* at 10-11. Finally, Magistrate Judge Peebles recommended that the Court dismiss all claims with prejudice, except those asserted against Defendant ABA. *See id.* at 12-13.

Currently before the Court are Magistrate Judge Peebles Report, Recommendation, and Order, and Plaintiff's objections thereto. Additionally pending before the Court are several letter motions, along with an amended complaint Plaintiff filed after the issuance of the Report, Recommendation, and Order.

## III. DISCUSSION

### A. Redemptionist and sovereign citizen theories

Plaintiff's assertions appear to be based, at least in part, on the "redemptionist" theory or the related "sovereign citizen" theory, which are frivolous legal theories that have been consistently rejected by federal courts. *See Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008)*.

The United States Court of Appeals for the Third Circuit explained:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person [*5] and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

*Id.* (citation omitted).[1]

Plaintiff also apparently adheres to the Redemptionist theory regarding [*6] the use of capital letters:

> Redemptionists claim that by a birth certificate, the government created strawmen out of its citizens. A person's name spelled in English, that is with initial capital letters and small letters, represents the real person, that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the strawman is referenced, and the flesh and blood person is not involved.

*McLaughlin v. CitiMortgage, Inc.., 726 F. Supp. 2d 201, 210 (D. Conn. 2010)* (internal quotation marks omitted); *see also Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007)*.

Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of

---

[1] The Court notes that Plaintiff was convicted of Falsifying Business Records in the First Degree.

court resources. See _McLaughlin v. 726 F. Supp. 2d at 210_ (providing detailed explanation of the redemptionist theory and rejecting it); _Charlotte v. Hansen, 433 Fed. Appx. 660, 661 (10th Cir. 2011)_ (rejecting the sovereign citizen theory as having no conceivable validity in American law) (citation omitted). A prisoner's attempt "to avoid the consequences **[*7]** of his criminal conviction" based on the redemptionist theory, has been recognized as "legally frivolous," _Ferguson-El v. Virginia, No. 3:10CV577, 2011 U.S. Dist. LEXIS 92557, 2011 WL 3652327, *3 (E.D. Va. Aug. 18, 2011)_, and civil cases based on redemptionist and sovereign citizen theories have been found to be "utterly frivolous" and "patently ludicrous," using "tactics" that are "a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars." _Barber v. Countrywide Home Loans, Inc., No. 2:09cv40, 2009 U.S. Dist. LEXIS 123939, 2010 WL 398915, *4 (W.D.N.C. Oct. 7, 2009)_.

In short, Plaintiff seeks to avoid the consequences of his conviction by suggesting he exists as two separate legal entities and that the State of New York and Broome County do not have jurisdiction over both entities and thus must release him and pay him damages. Such a theory is legally frivolous. See _Tirado v. New Jersey, No. 10-3408(JAP), 2011 U.S. Dist. LEXIS 32337, 2011 WL 1256624, *4-5 (D.N.J. Mar. 28, 2011)_ (observing a similar argument "has absolutely no legal basis"); _Marshall v. Fla. Dep't Corr., No. 10-CV-20101, 2010 U.S. Dist. LEXIS 142576, 2010 WL 6394565, *1 (S.D. Fla. Oct. 27, 2010)_. Although the Court finds that these theories are frivolous, in light of his _pro se_ status, the Court **[*8]** will consider each possible claim in greater detail.

**B. The Report, Recommendation, and Order**

_Section 1915(e)(2)(B)_ directs that, when a plaintiff seeks to proceed _in forma pauperis_, "(2). . . the court shall dismiss the case at any time if the court determines that — . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." _28 U.S.C. § 1915(e)(2)(B)_.[2] Thus, although the Court has the duty to show liberality toward pro se litigants, see _Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)_ (per curiam), and should exercise "extreme caution . . . in ordering _sua sponte_ dismissal of a _pro se_ complaint _before_ the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." _Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983)_ (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action _in forma pauperis_.[3]

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. _Rule 8 of the Federal Rules of Civil Procedure_ provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See _Fed. R. Civ. P. 8(a)(2)_. The purpose of _Rule 8_ "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense,'" and determine whether the doctrine of res judicata is applicable. _Hudson v. Artuz, No. 95 CIV. 4768, 1998 U.S. Dist. LEXIS 18625, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998)_ (quoting _Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)_ **[*10]** (quoting _Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977)))_ (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." _Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)_. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)_ (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." _Id._ "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." _Id._ (citing

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint **[*9]** "lacks an arguable basis either in law or in fact." _Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)_.

[3] "Dismissal of frivolous actions pursuant to **28 U.S.C. § 1915(e)** is appropriate to prevent abuses of the process of the court," _Nelson v. Spitzer, No. 9:07-CV-1241, 2008 U.S. Dist. LEXIS 6494, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008)_ (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" _Neitzke, 490 U.S. at 327_.

2014 U.S. Dist. LEXIS 99990, *10

*Twombly, 550 U.S. at 555*). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id. at 679* (quoting *Fed. R. Civ. P. 8(a)(2)*).

When a party **[*11]** files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *28 U.S.C. § 636(b)(1) (2006)*. When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir, No. 9:08-CV-322, 2011 U.S. Dist. LEXIS 26809, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011)* (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *28 U.S.C. § 636(b)(1) (2006)*.

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. See *Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003)* (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). **[*12]** A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. See *Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992)*; *Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)* (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites *28 U.S.C. § 636(b)(1)* and *Rules 72, 6(a)* and former *6(e) of the Federal Rules of Civil Procedure*).

Having reviewed the Report, Recommendation, and Order and Plaintiff's objections thereto, the Court finds that Magistrate Judge Peebles correctly determined that Plaintiff's claims should be dismissed. As explained below, however, the Court rejects Magistrate Judge Peebles' recommendation insofar as it found that Plaintiff should be permitted a chance to amend his

complaint as to Defendant ABA.

*Section 1983* itself does not create any substantive rights; rather, it provides a procedural mechanism **[*13]** for redressing the deprivation of rights created by the Constitution or laws of the United States. See *Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993)* (citing *City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)*). To state a cognizable claim under *Section 1983*, a plaintiff must allege that "'(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" *Weiss v. Inc. Village of Sag Harbor, 762 F. Supp. 2d 560, 568 (E.D.N.Y. 2011)* (quoting *Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)*).

The Supreme Court, in *Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)*, established a two-prong test for determining when a private party's actions can be deemed to satisfy *Section 1983*'s requirement that the challenged conduct was "under color of state law." Actions of a private party can be deemed "fairly attributable" to the state, and therefore treated as action taken "under color of state law," when (1) the deprivation is "caused by the exercise of some right or privilege created by the **[*14]** State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010)* (quoting *Lugar, 457 U.S. at 937*). A private party's actions may be attributable to the state under the second *Lugar* prong if it meets one of three tests: (1) "The 'compulsion test': the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) "The 'public function test': the entity 'has been delegated a public function by the [s]tate'"; or (3) "The 'joint action test' or 'close nexus test': the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies." *Hollander, 624 F.3d at 34* (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008)* (internal citations omitted)).

In the present matter, Defendant ABA is a private party which does not meet any of the three tests set forth above. Courts throughout the United **[*15]** States have already addressed this question and they have unanimously held that the American Bar Association is

Case 1:18-cv-00392-MAD-CFH   Document 17-4   Filed 05/16/18   Page 29 of 30

Page 5 of 6
2014 U.S. Dist. LEXIS 99990, *15

not a state actor for purposes of a *Section 1983* action. *See Hu v. American Bar Ass'n, 334 Fed. Appx. 17, 18-19 (7th Cir. 2009)* (finding that the district court properly dismissed the plaintiff's complaint because the ABA is not a state actor); *Lawline v. American Bar Ass'n, 956 F.2d 1378, 1385 (7th Cir. 1992)* (concluding that "private bar associations are not state actors for the purpose of Section 1983"); *Rohan v. American Bar Ass'n, No. 93 CV 1338, 1995 U.S. Dist. LEXIS 21944, 1995 WL 347035, *6-*7 (E.D.N.Y. May 31, 1995)* (holding that the ABA is a professional association, not a state actor, even though admission to practice law in New York State requires graduation from an ABA-accredited law school, because "the State of New York has not explicitly delegated to the ABA its responsibility for setting the requirements that an individual must meet in order to be licensed as an attorney-at-law" and "any conferral of monopoly status on the ABA by New York State does not convert the ABA into a state actor"); *see also The Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs., 608 F.3d 110, 121-22 (1st Cir. 2010)* **[*16]** (finding that state bar association was not a state actor).

In the present matter, the Court agrees that Defendant ABA is not a state actor for *Section 1983* purposes. New York has not expressly delegated to the ABA its responsibility for setting the requirements to practice law in New York; rather, to become a member of the New York Bar, an individual must comply with the Rules of the New York Court of Appeals on admission to practice. *See Rohan, 1995 U.S. Dist. LEXIS 21944, 1995 WL 347035, at *5.* Further, the ABA was neither established by the State of New York, nor is it funded or supported by the State. *See 1995 U.S. Dist. LEXIS 21944, [WL] at *7* (citations omitted). Additionally, school accreditation has been recognized as a function of private entities, rather than one that "has been traditionally the exclusive prerogative of the State." *Id.* (quotation and other citation omitted).

Based on the foregoing, the Court finds that Defendant ABA is not a state actor. As such, the Court rejects Magistrate Judge Peebles' recommendation only insofar as the report recommended that the Court dismiss the claims against Defendant ABA without prejudice. Although the Court should generally permit a *pro se* litigant an opportunity to amend, dismissal with **[*17]** prejudice is appropriate where, as here, any amendment of the complaint would be futile.

Further, the Court finds that Magistrate Judge Peebles correctly determined that Defendants Smith and White

are entitled to absolute immunity since Plaintiff has raised claims against them in their capacities as a judge and prosecutor. *See Hill v. City of New York, 45 F.3d 653, 660-61 (2d Cir. 1995)* (quotation omitted); *DuQuin v. Kolbert, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004)* (citation omitted). Additionally, Plaintiff's claims against the Broome County Courts are barred by the *Eleventh Amendment*. *See Thomas v. Bailey, No. 10-cv-51, 2010 U.S. Dist. LEXIS 15331, 2010 WL 662416, *1 (E.D.N.Y. Feb. 22, 2010)*. Finally, to the extent that Plaintiff is seeking his immediate release from custody, such relief is only available from this Court by way of a writ of habeas corpus, issued pursuant to *28 U.S.C. § 2254*. *See Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1975)*; *see also Brown v. Freeport Police Dept., Nos. 13 CV 4047, 13 CV 6514, 2014 U.S. Dist. LEXIS 8524, 2014 WL 279847, *5 (E.D.N.Y. Jan. 23, 2014)* (citation omitted).

## C. Plaintiff's amended complaint

In his amended complaint, Plaintiff names as Defendants the "United States of America/Foreign Corporation **[*18]** of United States," and the State of New York, as well as the previously named Defendants. *See* Dkt. No. 34 at 1-2. In the amended complaint, Plaintiff claims that the "United States of America is guilty of criminal infringement of intellectual property, failure of consideration, act of indemnity, insurance fraud, securities fraud," as well as an apparent violation of section 34 of the Judiciary Act[4] and a conspiracy with the other named Defendants in violation of *18 U.S.C. § 241*. *See id.* at 4. Plaintiff claims that Defendants' actions were "in violation of misnomer contracts of surety" and led to his "wrongfull [sic] imprisonment via commercial claims alleging DEATH and DEBT." *Id.* Plaintiff is seeking his immediate release, in addition to $150,0000,000 "upon court ordered 'Release' from cestui que vie life insurance policy and foreign corporation of United States." *Id.* at 6. Additionally, Plaintiff asks the Court to "expunge all criminal

---

[4] Originally § 34 of the Judiciary Act of 1789, **[*19]** the Rules of Decision Act, now contained in *28 U.S.C. § 1652*, reads: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." It is unclear how an improper application of the Rules of Decision Act violated Plaintiff's rights and Plaintiff's nearly incomprehensible filings provide no insight.

proceedings, charges, finger prints, DNA, blood, mugshots, arrest/arrest record of alleged charges do to illegal commercial . . . surety contracts alleging DEATH or DEBT upon 'RELEASE' being granted." *Id.*

Having reviewed the amended complaint, the Court finds that Plaintiff has failed to plausibly allege that he is entitled to any of the relief he seeks. A plaintiff may not collect damages for his alleged wrongful imprisonment or conviction without first showing "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).* Here, Plaintiff has made no such showing and a review of the Department of Corrections and Community Supervision website demonstrates **[\*20]** that Plaintiff is still incarcerated. Additionally, *18 U.S.C. § 241* is a criminal statute which does not create a private cause of action. *See Storm-Eggink v. Gottfried, 409 Fed. Appx. 426, 427 (2d Cir. 2011)* (citing cases).

Again, as discussed above, Plaintiff's claims against Defendants Smith and White must be dismissed because they are entitled to absolute immunity. *See Hill, 45 F.3d at 660-61* (quotation omitted); *DuQuin, 320 F. Supp. 2d at 40-41* (citation omitted). Additionally, Plaintiff's claims against the Broome County Courts and the State of New York are barred by the *Eleventh Amendment. See Thomas, 2010 U.S. Dist. LEXIS 15331, 2010 WL 662416, at \*1.* Further, to the extent that Plaintiff is seeking his immediate release from custody, such relief is only available from this Court by way of a writ of habeas corpus, issued pursuant to *28 U.S.C. § 2254. See Preiser, 411 U.S. at 498-99; see also Brown, 2014 U.S. Dist. LEXIS 8524, 2014 WL 279847, at \*5* (citation omitted). Finally, Plaintiff alleges no facts against Defendant United States. Rather, the United States appears to have been included as a Defendant solely under Plaintiff's ludicrous sovereign citizen and redemptionist theories, which are subject to dismissal.

Based on the foregoing, **[\*21]** the Court finds that Plaintiff's amended complaint fails to set forth any non-frivolous causes of action. Since permitting additional amendment would be futile, Plaintiff's amended complaint is dismissed with prejudice.

In view of the frivolous nature of Plaintiff's claims, the Court certifies pursuant to *28 U.S.C. § 1915(a)(3)* that

any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); see also Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).*

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report, Recommendation, and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' October 16, 2013 Report, Recommendation, and Order is **ADOPTED in part and REJECTED in part**;[5] and the Court further

**ORDERS** that Plaintiff's complaint and amended complaint are **DISMISSED with prejudice**; and the **[\*22]** Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall terminate all pending motions not addressed in this Memorandum-Decision and Order as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: July 23, 2014

Albany, New York

/s/ Mae A. D'Agostino

**Mae A. D'Agostino**

**U.S. District Judge**

---

**End of Document**

---

[5] Magistrate Judge Peebles' Report, Recommendation, and Order is only rejected insofar as it recommended that the Court dismiss Defendant ABA without prejudice.

Michael McCartin