UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN VIDUREK, *et al.*,

                              *Plaintiffs*,

            -against-

GOVERNOR ANDREW M. CUOMO, *et al.*,

                              *Defendants*.

1:18-CV-392

(MAD)(CFH)

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF A MOTION TO DISMISS
## PURSUANT TO FRCP 12(b)(6)

BARBARA D. UNDERWOOD
Attorney General of the State of New York
*Attorney for the Defendants*
The Capitol
Albany, NY 12224

MICHAEL G. McCARTIN
Assistant Attorney General
    *Of Counsel*
Bar Roll No. 511158
Telephone: (518) 776-2620

June 5, 2018

**Table of Contents**

Preliminary Statement……………………………………………………………………….1

Argument…………………………………………………………………………………….1

Point I        Despite the Plaintiffs' disavowal of the characterization of their Second Amendment challenge to the New York State SAFE Act (and numerous other firearms-related statutes) as a "sovereign citizen" challenge, the Plaintiffs' claim is in fact properly classified as a "sovereign citizen" challenge that the Court must dismiss as a frivolous…………….…………………….....................................1

Point II       Plaintiffs' claims must still be dismissed based upon the doctrine of collateral estoppel since these same Plaintiffs litigated and lost identical legal claims in State court in 2013……………………………………...………………………..3

Conclusion…………………………………………………………………………………..4

<u>**Preliminary Statement**</u>

Defendants in this action – *i.e.*, Governor Andrew M. Cuomo, Senator John J. Flanagan, the Majority Leader of the N.Y. State Senate, and Assemblyman Carl E. Heastie, the Speaker of the N.Y. State Assembly – have moved this Honorable Court to dismiss this action pursuant to FRCP 12(b)(6) for failure to state a viable legal claim. *Pro se* Plaintiff John Vidurek, proprtedly acting on behalf of all of the other *pro se* Plaintiffs, has opposed the motion, and the Defendants hereby reply.

<u>**Argument**</u>

<u>**Point I**</u>

**Despite the Plaintiffs' disavowal of the characterization of their Second Amendment challenge to the New York State SAFE Act (and numerous other firearms-related statutes) as a "sovereign citizen" challenge, the Plaintiffs' claim is in fact properly classified as a "sovereign citizen" challenge that the Court must dismiss as a frivolous.**

Plaintiffs do *not* challenge New York's firearm-related statutes on the basis that they allegedly violate the U.S. Supreme Court's holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008) or *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026, 3042 (2010). Nor do Plaintiffs even attempt to argue that these statutes somehow violate the Second Circuit's holdings in Second Amendment cases such as *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 83 (2d Cir. 2012); *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242 (2d Cir. 2015); *Mishtaku v. Espada*, 669 F. App'x 35 (2d Cir. 2016); or *N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*, 883 F.3d 45 (2d Cir. 2018). Rather, Plaintiffs' claim here is strictly based upon a "sovereign citizen" *type* of legal theory.

As noted in the Defendants' opening brief, in this action, the *pro se* Plaintiffs refer to themselves as "the Sovereign People" and "the Sovereign People of New York", *see, e.g.*, Complt., p. 12, and, despite what they now claim, they have advanced a "sovereign citizen"

belief system, one in which they, as "the Sovereign People," are supposedly "*independent of* all legislated statutes, codes, rules, and regulations." *Id.*, p. 15 (emphasis added). It is this idea that forms the gravamen of Plaintiffs' legal argument – the idea that they are "*independent of* all legislated statutes, codes, rules, and regulations", including firearms laws – that makes their claim a "sovereign citizen" claim.[1] And, as such, it remains a frivolous claim. *See, e.g., Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6-7 (N.D.N.Y. July 23, 2014) ("[t]heories presented by … sovereign citizen adherents" have not only been "rejected by the courts" but they have also been clearly "recognized as frivolous and a waste of court resources"). Since Plaintiffs' entire challenge to the gun-related statutes of New York State is premised upon this same type of frivolous legal argument, the Court should dismiss the Plaintiffs' Complaint.[2]

---

[1] Despite what Plaintiffs assert, the legal moniker of "sovereign citizen" has nothing to do with trying to identify someone as a "Cop Killer." Dkt. No. 24, p. 4. Of course, the Defendants make no such assertion.

[2] That Plaintiff Vidurek indeed presents a "sovereign citizen" themed Complaint is further exemplified by the fact that he has asserted, in other filings with the Court, that he and his co-Plaintiffs have formed a "Grand Jury" of citizens, and that:

> We the Grand Jury find both Judge Mae A. D'Agostino and Magistrate Christian F. Hummel in bad behavior. We grace you with five (5) days to correct the record and conduct yourself within the Law and the lawful rules or submit your recusals. Failure to obey will result in further action by the Grand Jury. Think not that you will escape justice, people are awakening and critical mass is imminent and soon the powers that be will not be able to protect you. Stop waring against the Constitution, obey the will of the People, and restore the Law of the Land in this court. We understand the web that entangles the judiciary, and we offer an escape, via obedience.

Dkt. No. 22, p. 18.

**Point II**

**Plaintiffs' claims must still be dismissed based upon the doctrine of collateral estoppel since these same Plaintiffs litigated and lost identical legal claims in State court in 2013.**

As noted in the Defendants' opening brief, the doctrine of collateral estoppel bars re-litigation of issues previously litigated and decided, and it applies to civil rights lawsuits brought pursuant to 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90 (1980); *Gill v. Stella*, 845 F. Supp. 94, 100 (E.D.N.Y. 1994). For the legal principle to apply, the issue sought to be precluded from re-litigation must have been necessarily determined in the prior proceeding. *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir. 2000); *Carlen v. Department of Health Services*, 104 F.3d 351, 351 (2d Cir. 1996); *Colon*, 58 F.3d at 869; *Rameau v. New York State Dep't. of Health*, 741 F. Supp. 68, 70-71 (S.D.N.Y. 1990). And such is the case here.

In the Defendant's opening papers, attached as Exhibit A to the Declaration of Michael G. McCartin, the Court found an "Action at Law" against Governor Cuomo and each and every member of the New York State Senate and Assembly that Plaintiff Vidurek and eight-hundred (800) other "co-plaintiffs" brought in New York Supreme Court, Albany County, in 2013. In his decision dismissing that "Action at Law," the Hon. Richard M. Platkin, A.S.C.J., summarized the Complaint, and Judge Platkin's description of that Complaint shows that the State court case and the present federal case are indeed identical:

> Plaintiffs are suing the Governor, the Senate and the Assembly "for dereliction of duty, abuse of power, conspiracy to disarm the people [and] for declaratory judgment, with enforcement, regarding a long train of abuse and usurpation of the peoples' unalienable right to bear arms" (complaint, preamble). Plaintiffs contend that defendants have violated their federally protected rights through the enactment of legislation regulating the sale, possession and use of firearms and ammunition (*id*. ¶ 19). While the complaint focuses particularly on the enactment of the NY SAFE Act, plaintiffs also challenge Penal Law articles 265 and 400 and all other similar state laws. According to plaintiffs, these measures "prevent people from defending themselves" (*id*. ¶¶ 24-26) and are "repugnant to the Second Amendment, and therefore are null and void" (*id*. ¶ 27).

3

*Mongielo v. Cuomo*, 40 Misc. 3d 362, 363-64 (Sup. Ct., Alb. Co. 2013). Thus, as this Court can plainly see, Plaintiff Vidurek brought the same claims in State court that he now brings here, but those claims were properly dismissed by that State court on the merits, *with prejudice*:

> As plaintiffs cannot demonstrate that the laws they challenge are unconstitutional in all respects and under all applications, *the complaint must be dismissed for failure to state a cause of action* (*Matter of Moran Towing Corp. v. Urbach*, 99 N.Y.2d 443, 448, 787 N.E.2d 624, 757 N.Y.S.2d 513 (2003)).

*Mongielo*, 40 Misc. 3d 365-66 (emphasis added).

Thus, Plaintiffs' Complaint in this action must also be dismissed based upon the doctrine of collateral estoppel.

## Conclusion

Consequently, the Court should dismiss this action in its entirety pursuant to FRCP Rule 12(b)(6) since the Plaintiffs fail to state a valid cause of action against the Defendants.

Dated: Albany, New York
June 5, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
The Capitol, Albany, NY 12224

s/*Michael McCartin*
Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158
Email: michael.mccartin@ag.ny.gov

To: Mr. John Vidurek
*Plaintiff Pro Se*
3979 Albany Post Road
Hyde Park, NY 12538

George Gard
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Betty Gard
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Cerus Maarten
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Charles Karlstrom
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Danid D. Joy
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Anthony Futia, Jr.
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Tanya E. Parrow
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Joseph Atkinson
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Mozart D. Victor
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Gary E. Edgreen
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Mary Jane Edgreen
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Alvin Gonzalez
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Gerard Aprea
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Michelle Aprea
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Jon E. Delong
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Senny Nunez
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Walter K. Janczak, Jr.
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Kimberly Vidurek
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

William E. Conta
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Leonard Volodarsky
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

David Paul
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

John Schultz
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Joseph Frioco
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Michelle Frioco
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

William R. Fox, Sr.
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

James Birsen
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Joanne Johnson Smith
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Stacey Cumberbatch
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Don Alan McLaughlin
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Michael R. Wiehl
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Michael Anthony Livecche, Jr.
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

Jose Ferreira Cruz
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE

James Burlinski
c/o John Vidurek
3979 Albany Post Road
Hyde Park, NY 12538
PRO SE