U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
JUN 11 2018
LAWRENCE K. BAERMAN, CLERK
ALBANY

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK
• 445 Broadway; Albany, NY 12207-2936 •

| | |
|---|---|
| John Vidurek, Gerard Aprea, et al<br>**Plaintiffs**<br><br>- Against -<br><br>Governor A. Cuomo, New York State Senate and New York State Assembly<br>**Defendants** | Jurisdiction: Court of Record, under the rules of Common Law[1]<br><br>Magistrate: Christian F. Hummel<br>Case NO: 1:18-cv-392<br><br>**PLAINTIFFS**<br>**REPLY TO DEFENDANTS REPLY** |

It is obviously fair-minded that defendants should get last word, after all they are the challenged and must defend. With that being said when the defendants move the court via Rule 12, the challenger becomes the challenged and for a brief period the plaintiffs become the defendants and therefore, last word is appropriately the plaintiffs'.

Therefore, on and for the record plaintiffs herein reply to defendants' reply to plaintiffs' answer. Defendants raised the following invalid feeble points in an effort to elude answering the Action, and the plaintiffs rebut said invalid feeble points as follows:

**DEFENDANTS' POINT I:** *"Despite the Plaintiffs' disavowal of the characterization of their Second Amendment challenge to the New York State SAFE Act (and numerous other firearms-related statutes) as a 'sovereign citizen' challenge, the Plaintiffs' claim is in fact properly classified as a 'sovereign citizen' challenge that the Court must dismiss as a frivolous."*

**PLAINTIFFS' (reiterated) REPLY:** Federal Rule 12 does not provide for either frivolous claims to be dismissed or a 'sovereign citizen' challenge to be

---
[1] "**A Court of Record** is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial." Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

dismissed. They need to be heard before declared such. Rule 12 only provides for dismissal if it "*appears beyond doubt*" that the plaintiffs can prove "*no set of facts*" in support of their claim.[2] See Action at Law lines 22-48 concerning numerous "*sets of facts*".

25 | **DEFENDANTS' POINT II**: *"Plaintiffs' claims must still be dismissed based upon the doctrine of collateral estoppel since these same Plaintiffs litigated and lost identical legal claims in State court in 2013."*

**PLAINTIFFS' (reiterated) REPLY:** "All the cases the defendant used to defend the doctrine of collateral estoppel shared one common chord that supports the
30 plaintiffs position in that it requires '*a full and fair opportunity to litigate a valid and final judgment on the merits the issue sought to be precluded from re-litigation must have been necessarily determined in the prior proceeding*' and, since such a determination was not met there is no estoppel." Additionally the plaintiffs are not the same.

35 **IN CONCLUSION**, a court of justice is to hear before it judges. That is the purpose of any Action, to prove or not, the claims by demonstrating through debate to the tribunal for such judgment. The general rule is that a complaint should not be dismissed unless it "*appears beyond doubt*" that the plaintiff can prove "*no set of facts*" in support of his claim.[3] The validity of a claim can only be known after the Answer.

40 SEAL

*[signature]*
John Vidurek, et al

---

[2] Blacks 4th *"The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."* - CONLEY VS. GIBSON (1957),355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954,217 F.2d 168.

[3] Blacks 4th *"The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."* - CONLEY VS. GIBSON (1957),355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954,217 F.2d 168.

John Vidurek, Suite 107
3979 Albany Post Road
Hyde Park, NY. 12538

ALBANY NY 120
07 JUN 2018 PM 3 L

US. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NY.
445 Broadway
Albany, NY 12207-2936

U.S. DISTRICT COURT
N.D. OF N.Y.
**RECEIVED**

JUN 1 1 2018

LAWRENCE K. BAERMAN, CLERK
ALBANY

12207-296599

