**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOHN VIDUREK,** *et al.*,

                **Plaintiffs,**

vs.                                                                     1:18-cv-392
                                                                             (MAD/CFH)

**GOVERNOR ANDREW M. CUOMO; JOHN J.
FLANAGAN,** *Majority Leader Senator – Served on
behalf of the entire Senate*; **and ASSEMBLYMAN
CARL E. HEASTIE,** *N.Y.S. Assembly Speaker –
Served on behalf of the entire Assembly*,

                **Defendants.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**JOHN VIDUREK**[1]
3979 Albany Post road
Hyde Park, New York 12538
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**               **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Plaintiffs John Vidurek, *et al.* ("Plaintiffs") filed this action on May 2, 2018 against

Defendants Governor Andrew Cuomo, Senate Majority Leader John J. Flanagan, and Assembly

Speaker Carl E. Heastie ("Defendants") pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42

---

[1] Plaintiff John Vidurek filed this action *pro se* on behalf of himself and thirty-three other named individuals.

U.S.C. § 1986, 18 U.S.C. § 241, and 18 U.S.C. § 242. *See* Dkt. No. 1 at 14-16. On May 16, 2018, Defendants moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17. In response to Defendants' Motion to Dismiss, Plaintiffs filed an Opposition to Defendants' Motion to Dismiss on June 4, 2018, stating that Rule 12(b)(6) does not provide for the arguments made by Defendants in their Motion. *See* Dkt. No. 24 at 15. On June 5, 2018, Defendants responded to Plaintiffs' Opposition reiterating their original arguments to which Plaintiffs responded on June 11, 2018 stating again that the arguments made by Defendants have no grounds under Rule 12(b)(6) because they do not specifically allege that Plaintiffs cannot prove any set of facts in support of their claims. *See* Dkt. No. 25; Dkt. No. 27 at 1-2.

Presently before the Court is Defendants' Motion to Dismiss the claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 17.

## II. BACKGROUND

In their complaint, Plaintiffs allege that the passing of the New York Secure Ammunition and Firearms Enforcement Act ("NY SAFE Act") on January 16, 2013 by the New York State Legislature and Governor Andrew M. Cuomo was an infringement upon Plaintiffs' "and all the good People of New York's unalienable right, protected by the 2nd Amendment." Dkt. No. 1 at 6. Plaintiffs refer to the passing of the NY SAFE Act as an "Act of Terror," and claim that it makes law abiding people "criminals for exercising their unalienable right" because failure to register handguns with the New York State Police could result in criminal charges. *Id.*

Plaintiffs also take issue with various other New York State statutes regarding the regulation of firearms that have allegedly infringed upon this right. . *See* Dkt. No. 1 at 27 (citations omitted). Plaintiffs refer to these laws as "repugnant to the Constitution," and assert

2

that "when governments are seized by tyrants, as is the present case in New York State, the disarming of the Sovereign People is just the beginning of a long train of abuses these tyrants intend on imposing upon the Sovereign People of New York." *Id*. at 16.  Further, Plaintiffs claim that Defendants, through intimidation and threat of violence, have made clear that Plaintiffs will lose their arms by force if they do not comply with these laws, thereby causing Plaintiffs to experience "extreme psychological stress and fear of violence upon the plaintiffs" and ultimately placing Plaintiffs' families "in jeopardy of harm and even death." *Id*.

Plaintiffs claim that Defendants committed a tort against them when Defendants breached their duty to Plaintiffs and all the People of New York State by way of passing firearm regulations.  *See* Dkt. No. 1 at 13-15.  Specifically, Plaintiffs allege that the Governor and the legislators of both houses violated 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, and 18 U.S.C. § 242 and "entered into a conspiracy to disarm the plaintiffs and all the People of New York State" when Defendants passed seemingly any acts, statutes, ordinances, or regulations that put restrictions on firearms.  *See* Dkt. No. 1 at 14-16.  Plaintiffs seek damages in the amount of $50,000 for: (1) psychological stress and fear of violence upon them; (2) placing Plaintiffs' families in jeopardy of harm and death; and (3) violating Plaintiffs' unalienable right to keep and bear arms.  *See* Dkt. No. 1 at 27.

In their motion to dismiss, Defendants argue that Plaintiffs' complaint must be dismissed because Plaintiffs' "sovereign citizen" Second Amendment challenge is frivolous, as the legal theory of "sovereign citizens" has no basis in law.  *See* Dkt. No. 17-3 at 3.  Defendants further contend that Plaintiffs' claims must be dismissed due to collateral estoppel.  *See id.*

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,"

*Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

B.  **Sovereign Citizen Allegations**

Plaintiffs essentially assert a Second Amendment challenge to the New York SAFE Act, as well as any other acts, statutes, ordinances, and regulations restricting firearms in the state of New York.. *See* Dkt. No. 1 at 27. Notably, Plaintiffs do not challenge New York's firearm-related statutes on the basis that they allegedly violate the U.S. Supreme Court's holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008) or *McDonald v. City of Chicago*, 561 U.S. 742 (2010), or that they violate the Second Circuit's holding in cases such as *Kachalsky v. Cty. of Westchester*, 701 F.3d 81 (2d Cir. 2012) (upholding a Second Amendment challenge to N.Y. Penal Law § 400.00(2)(f)). As Defendants correctly note, any legal challenge along such lines would be completely meritless. *See, e.g., N.Y.S. Rifle & Pistol Ass'n v. City of N.Y.*, 883 F.3d 45 (2d Cir. 2018); *Mishtaku v. Espada*, 669 Fed. Appx. 35 (2d Cir. 2016); *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242 (2d Cir. 2015). Rather, Plaintiffs' claims are strictly based upon a "sovereign citizen" legal theory.

"The Second Circuit has described 'sovereign citizens' as 'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'". *Robins v. Fischer*, No. 9:13-cv-1545, 2014 WL 1289611, *5 (N.D.N.Y. Mar. 31, 2014) (quoting *United States v. Ulloa*, 511 Fed. Appx. 105, 107 n.1 (2d Cir. 2013)). Other courts have found claims brought under a "sovereign citizen" belief system to be without merit, frivolous, and without validity in American law. *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).

Plaintiffs allege that as "Sovereign People," they are independent of all statutes, codes, rules, and regulations. Dkt. No. 1 at 19. In their Response in Opposition to Defendants' Motion to Dismiss, Plaintiffs reject the argument that they are "sovereign citizens" because they are not "anti-government," but are against "the elected and appointed servants who are abusing their powers and violating the peoples' unalienable rights" found in the Constitution. Dkt. No. 24 at 4. This is merely a distinction without a difference.

Plaintiffs' challenge to New York's gun laws is premised upon the same frivolous legal arguments that have been rejected by the courts throughout the United States. Accordingly, the Court grants Defendants' motion to dismiss.

**D.  Collateral Estoppel**

The doctrine of collateral estoppel prevents re-litigation of issues previously decided, and is applicable to federal cases via the Full Faith and Credit Act requiring federal courts to give the same preclusion effect to state court judgments as the courts of that state would. 28 U.S.C. § 1738; *Migra v. Warren City Sch Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). Under New York Law, collateral estoppel will preclude re-litigation of an issue if: (1) the issue is identical to the issue in the previous proceeding; and (2) the issue has been decided in the previous proceeding. *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995). An issue is "necessarily decided" when it has been "'actually decided' . . . and necessary to support a valid and final judgment on the merits." *Beechwood Restorative Care Center v. Leeds*, 436 F.3d 147, 153 (2d Cir. 2006). New York State law bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192-93 (1981)).

Previously, Plaintiffs brought suit in New York State court against Governor Cuomo, the New York State Senate, and the New York State Assembly pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, 18 U.S.C. § 241, and 18 U.S.C. § 242. Dkt. No. 17-2 at 8. In that complaint, Plaintiffs alleged that various New York State firearm statutes, including the New York SAFE Act, prevent people from defending themselves and are repugnant to the Secondment Amendment. *Id.* at 9. That complaint also presents a "sovereign citizen" legal theory as the basis for their claims. *Id.* at 10-13.

The Supreme Court of New York previously dismissed that case because Plaintiffs' claims were generally directed at the State's authority to regulate firearms, and, under the same precedent cited above, Plaintiffs' claims were dismissed as meritless. *Mongielo v. Cuomo*, 40 Misc. 3d 362, 366, 968 N.Y.S.2d 828, 831 (Sup. Ct. 2013) (citation omitted).

In this case, Plaintiffs' claims against the same Defendants are essentially identical and rely on the same "sovereign citizen" legal theory. *See* Dkt. No. 1. Since the issues raised and decided in the state court action are identical to those presented here against the same Defendants, Plaintiffs' complaint is subject to dismissal on the alternative ground of collateral estoppel. Accordingly, Defendants' motion to dismiss is granted on this alternative ground.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge