

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

BARBARA D. UNDERWOOD
Attorney General

STATE COUNSEL DIVISION
Litigation Bureau

Writer Direct: (518) 776-2620

November 8, 2018

Hon. Mae A. D'Agostino
U.S. District Court Judge
U.S. District Court
Northern District of New York

Re:     *Vidurek, et al. v. Cuomo, et al.*, USDC-NDNY No. 1:18-CV-392 (MAD/CFH)

Dear Judge D'Agostino:

On October 9, 2018, this Court issued a Decision and Order granting the Defendants' Motion to Dismiss and directing that judgment be entered for each of the Defendants in this action.  *See* Dkt. No. 28.  On November 1, 2018, 23 days later, Plaintiffs filed a Motion for Reconsideration of the Court's Order.  *See* Dkt. No. 31.  The Court has directed the Defendants to respond to that new motion, and the Defendants respectfully request to do so by this short letter brief.

Plaintiffs Motion for Reconsideration must be denied for two primary reasons: (1) it is untimely, and (2) it is meritless.

First, in the Northern District of New York, "a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree."  N.D.N.Y. Local Rule 7.1(g) (caps in the original).  Here, 23 days past from the date of the entry of judgment until the date of the filing of the Motion for Reconsideration.  That means that Plaintiffs motion is untimely and it could rightly be denied for that reason alone.

Second, in *Krug v. City of Troy*, 2010 U.S. Dist. LEXIS 130811 (N.D.N.Y. Dec. 10, 2010), the Court set forth the standard for analyzing these types of motions:

> A motion for reconsideration is not a substitute for an appeal.  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Friedman v. S.U.N.Y. at Binghamton*, 2006

U.S. Dist. LEXIS 72642, 2006 WL 2882980, at * 1 (N.D.N.Y. Oct. 5, 2006). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Nowacki v. Closson*, 2001 U.S. Dist. LEXIS 1678, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Reargument is also not a vehicle to "advance new facts, issues or arguments not previously presented to the court." *Polanco v. United States*, 2000 U.S. Dist. LEXIS 13393, 2000 WL 1346726, at *1 (S.D.N.Y. Sept. 19, 2000) (quoting *Shrader*, 70 F.3d at 256). "The Northern District of New York 'recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice.'" *Friedman*, 2006 U.S. Dist. LEXIS 72642, 2006 WL 2882980, at * 1 (quoting *Nowacki*, 2001 U.S. Dist. LEXIS 1678, 2001 WL 175239, at *1).

2010 U.S. Dist. LEXIS 130811, at *3-4.

Because Plaintiffs here simply rehash the same meritless arguments that they asserted in opposition to the Defendants' Motion to Dismiss, Plaintiffs simply cannot satisfy the strict requirements for the filing of a Motion for Reconsideration. This Court's October 9, 2018 Decision and Order was very well reasoned, and it should therefore stand as the final determination of this action.

Thank you for your consideration of this matter.

Respectfully yours,

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158
Email: michael.mccartin@ag.ny.gov

cc: Mr. John Vidurek
Plaintiff Pro Se
3979 Albany Post Road
Hyde Park, NY 12538