**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOHN VIDUREK,** *et al.,*

                   **Plaintiff,**

vs.                                              1:18-cv-392
                                                      (MAD/TWD)

**GOVERNOR ANDREW M. CUOMO; JOHN J.
FLANAGAN,** *Majority Leader Senator – Served on
behalf of the entire Senate;* **and ASSEMBLYMAN
CARL E. HEASTIE,** *N.Y.S. Assembly Speaker –
Served on behalf of the entire Assembly,*

                   **Defendants.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**JOHN VIDUREK**
3979 Albany Post Road
Hyde Park, New York 12538
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff John Vidurek, on behalf of himself and thirty-three others (collectively,

"Plaintiffs") commenced this action *pro se* on April 2, 2018, against Defendants Governor

Andrew Cuomo, Senator John Flanagan and the entire New York State Senate, and Assemblyman

Carl Heastie and the entire New York State Assembly (collectively, "Defendants"). *See* Dkt. No.

1. Plaintiffs allege Defendants violated their Second Amendment rights by enacting state

regulations on the sale, possession, and use of firearms and ammunition. *See* Dkt. No. 1 at ¶ 500.

In a Memorandum-Decision and Order dated October 9, 2018, the Court dismissed Plaintiffs' claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* Dkt. No. 28. On November 1, 2018, Plaintiffs filed a motion for reconsideration, alleging, among other things, that the Court applied the incorrect standard of review when ruling on Defendants' motion to dismiss, and that Plaintiffs' claim should not be subject to collateral estoppel. *See* Dkt. No. 31. Defendants filed a letter brief in opposition to Plaintiffs' motion on November 8, 2018. *See* Dkt. No. 32. Currently before the Court is Plaintiffs' motion for reconsideration.

## II. BACKGROUND

For a complete recitation of the relevant background, the Court refers the parties to the Memorandum-Decision and Order filed October 9, 2018.

## III. DISCUSSION

**A.     Plaintiffs' Motion for Reconsideration is Untimely**

A motion for reconsideration must be filed and served "no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 7.1(g) (emphasis in original).

Here, Plaintiffs filed their motion for reconsideration on November 1, 2018, twenty-three days after the Court issued the Order Plaintiffs' were objecting to. Dkt. Nos. 28, 31. Accordingly, Plaintiffs' motion for reconsideration was untimely and must be denied.

**B.     Motion for Reconsideration**

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not be

granted if the moving party "seeks solely to relitigate an issue already decided." *Id.* at 257. "In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Shaughnessy v. Garrett*, No. 5:06-CV-103, 2011 WL 1213167, *1 (N.D.N.Y. Mar. 31, 2011) (citing *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006)).

Here, Plaintiffs disagree with the Court's application of the Federal Rules of Civil Procedure and civil law in general, and argue the only valid law is natural or common law. *See* Dkt. No. 31. Such "simple difference of opinion, no matter how deep it runs, will not warrant reconsideration." *United States v. Chiochvili*, 103 F. Supp. 2d. 526, 528 (N.D.N.Y. 2000). Aside from this disagreement, Plaintiffs make no assertions that there has been an intervening change in the controlling law, nor do they allege there is newly available evidence. *See* Dkt. No. 31.

Finally, the Court finds no clear error or injustice in the October 9, 2018 Memorandum-Decision and Order. The Court appropriately employed the *Twombly*/*Iqbal* plausibility standard of review when it determined Plaintiffs' complaint should be dismissed. *See* Dkt. No. 28; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, the Court is not limited by Defendants' failure to file an answer. Defendants may file a motion asserting Plaintiffs' failure to state a claim prior to filing an answer. *See* Fed. R. Civ. P. 12(b).

Under the appropriate standard of review, the Court correctly determined that Plaintiffs' complaint was insufficient and that Defendants' motion to dismiss should be granted. Regardless of whether or not Plaintiffs are "sovereign citizens," their challenges to New York State's firearm-related regulations are meritless. Plaintiffs' allege that the New York SAFE Act and various sections of the "N.Y.S. Code" are "legislative infringements upon the [S]econd Amendment," and

3

as such are "null and void," but they state no legal basis upon which they are entitled to relief. Dkt. No. 1 at ¶ 500. Plaintiffs' arguments based on common or natural law provide no basis for relief in federal court and the Court correctly determined Plaintiffs' claims lack plausibility.

Accordingly, the Court finds that Plaintiffs' motion for reconsideration should be denied on this alternative ground.

## C. Collateral Estoppel

Federal courts may take judicial notice of state court decisions, and are required to give the same preclusive effect to state court judgments. *See Colon v. Holdridge*, No. 9:13-CV-1546, 2015 WL 1730240, *6 (N.D.N.Y. Apr. 14, 2015) (citing *Pacherille v. Burns*, 30 F. Supp. 3d 159, 161 (N.D.N.Y. 2014)); *McLaughlin v. Governor's Office of Emp. Relations*, 739 F. Supp. 97, 105 (N.D.N.Y. 1990) (quoting *Kremer v. Chemical Const. Corp.*, 459 U.S. 461, 466 (1982)). New York law bars relitigation of a matter "if: (1) the issue as to which preclusion is sought is identical to the issue decided in the prior proceeding, (2) the issue was necessarily decided in the prior proceeding, and (3) the litigant who will be held precluded had a full and fair opportunity to litigate the issue in the prior proceeding." *McLaughlin*, 739 F. Supp. at 105 (citing *Capital Tel. v. Pattersonville Tel.*, 56 N.Y.2d 11, 17 (1982); *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500-01 (1984)).

In the October 9, 2018 Memorandum-Decision and Order, the Court properly found that Plaintiffs' claims were barred under the doctrine of collateral estoppel. *See* Dkt. No. 28. Plaintiffs incorrectly assert that because their state claim was dismissed before discovery, they have not had the opportunity to fully and fairly litigate it. *See* Dkt. No. 31 at 7. If the state court had committed any errors, such as failing to permit warranted discovery, the state court decision would be subject to appeal. *See McLaughlin*, 739 F. Supp. at 106. As Plaintiffs did not appeal

4

the state court decision, Plaintiffs "cannot now contend, in this court, that the state court was not a full and fair forum." *Id.*

Moreover, it is clear that Plaintiffs' state and federal court cases have identical issues. In 2013, Plaintiff Vidurek and others filed a lawsuit against the same Defendants named in the case currently before the Court. *Mongielo v. Cuomo*, 40 Misc. 3d 362 (N.Y. Sup. Ct. 2013). Their complaint similarly alleged that common law is the "real law," and that Defendants abused their power, failed to abide by their duties to the public, and violated the Second Amendment rights of New Yorkers when they passed various "state laws regulating the sale, possession[,] and use of firearms and ammunition." *Id.* at 364.

The state court then necessarily decided the issue, finding that Plaintiffs' claim was "refuted directly by precedent of the United States Supreme Court," New York State Courts, and the Second Circuit. *Id.* at 365. Here, the Court finds Plaintiffs are suing the same parties, under the same theory, for the same reason, on an issue already decided by the state court in 2013.

Accordingly, Plaintiffs' complaint was properly dismissed on this alternative ground.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2019
       Albany, New York

*Mae A. O'Agostino*
Mae A. D'Agostino
U.S. District Judge